52 So.2d 344 (1951)
WOLFSON
v.
RUBIN et ux.
Supreme Court of Florida, Division A.
April 6, 1951.
Rehearing Denied May 22, 1951.
*345 H.H. Taylor and Henry H. Taylor, Jr., Miami, for appellant.
W.D. Bell, Miami, for appellees.
THOMAS, Justice.
In this case, and a former one, the parties litigated a contract they had entered into relating to the occupancy, tenure, and management of certain improved property located in Miami Beach. The original bill was filed to secure an accounting and a declaratory decree in respect of money collected under the arrangement. The relief granted appellees is not questioned.
The present appeal is a challenge of the chancellor's decree disposing of the appellant's counterclaim wherein he, the original owner, had sought, among other relief, an interpretation of the part of the agreement we shall now quote and a declaration that it was void for uncertainty: "Dr. Wolfson, [appellant] also agrees to give them [appellees] the front house, either by deed or a long term lease, at a rental, just enough to cover taxes, ins. rep., etc. if they manage to produce an average of $3000 a year, above all expenses except mortgage interest and installments for a period of ten years."
The appellees answered that the matter presented in the counterclaim, that is, the force of the quoted portion of the instrument, was adjudicated in a prior suit. The master agreed, and the chancellor confirmed.
This takes us to the former proceeding, where we find that the present appellees had filed a bill setting out the entire contract, and praying that it be interpreted and that the appellant, defendant there, be enjoined to comply with its terms. The court was also importuned to enter an order "specifying the time for which said premises are to be leased" to appellees and to grant such general relief as might appear appropriate.
In the answer in that suit the defendant, the appellant now, among other affirmative defenses, asserted that the agreement contravened the Statute of Frauds, Section 689.01, Florida Statutes, 1941, and F.S.A. That suit culminated in a decree interpreting the whole agreement, finding the equities to be with the plaintiffs, and expressly ratifying each and every finding of fact and conclusion of law of the master, who himself had interpreted the very paragraph quoted at the outset.
After that adjudication the "identical terms of the provisions and conditions," to quote the appellant's own brief, of the agreement involved in the first suit were incorporated in a written contract that was executed by the parties and forms the basis of the present suit.
As we have written, the court and the master agreed that the matter was res judicata, and we are constrained to join them in that view. It is the appellant's idea that this principle cannot be invoked because the chancellor in the former suit went afield in interpreting the portion of the agreement now before us, as it was not put in issue by the pleadings. There had been no appeal from the first decision and, even more, the appellant subsequently complied with it by signing a contract containing the exact language then adjudicated and now singled out as so uncertain as to be void.
Aside from the peculiar position of acceding, without appeal, to the decree of a court construing language on one occasion and later seeking a decree of the same court to declare the same language so uncertain as to be impossible of understanding, we think the principle of res adjudicata is definitely applicable. The interpretation of the whole contract had been sought and obtained in the first suit and, *346 in addition, the plaintiff had prayed for general relief. Even if the matter had not been directly submitted, as we think it was, it would have fallen in the rule so often announced that a judgment on the merits in a suit between the same parties on the same cause of action by a court of competent jurisdiction operates as an estoppel, not only as to matters offered, but also "`as to every other matter which might with propriety have been litigated and determined in that action.'" Knabb v. Duner, 143 Fla. 92, 196 So. 456, 460.
The prerequisites of the defense of res adjudicata have often been announced, and there is no need to state them in different language now or to quote from former decisions. We conclude this phase of the appeal by merely stating that the point controverted in the present case was decided in the former one.
But one question is left for consideration. The master had found, in the first suit, that the words "long term lease" in the quoted part of the contract should be discarded as surplusage and that at the end of the ten-year period the appellees would be entitled to a deed or "absolute conveyance" of the premises if they had meanwhile complied with the agreement and all "contingencies" had occurred.
The appellant now complains because the chancellor, while determining that an interpretation of the relevant paragraph was inappropriate in the present case, nevertheless observed that appellees were entitled to an "absolute conveyance" of the property in question "free and clear of all encumbrances," then added, "under the conditions of the prior proceedings."
We see no occasion to discuss the difference between an absolute conveyance and one free of encumbrance, or whether they are synonymous. Such consideration would be premature anyway, as the finding made and confirmed in the first suit was that the appellees would be entitled to a deed at the end of ten years from the date of the contract if its provisions "have been complied with and the contingencies * * have occurred," and the ten-year period will not expire until 1952. Appellant attaches much more importance to the reference to incumbrances than we think it deserves.
We have not discovered error; so the decree is 
Affirmed.
SEBRING, C.J., and TERRELL and HOBSON, JJ., concur.