134 So.2d 248 (1961)
NATIONAL MUTUAL INSURANCE COMPANY OF THE DISTRICT OF COLUMBIA, Appellant,
v.
Nick DOTSCHAY, Appellee.
Nos. 61-58, 61-59.
District Court of Appeal of Florida. Third District.
November 9, 1961.
Rehearing Denied November 27, 1961.
*249 Fowler, White, Gillen, Humkey & Trenam and Henry Burnett, Miami, for appellant.
Ehrich & Zuckerman, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and HORTON and HENDRY, JJ.
HENDRY, Judge.
The appellant, an insurance carrier, was the defendant in the lower court, and the appellee, Nick Dotschay, was the plaintiff below. In 1951, a personal injury action was filed against the appellee which was defended by the appellant under its liability policy issued to the appellee. The case ended with a jury verdict and judgment against the appellee for $75,000 which was $50,000 in excess of the coverage of the policy. No appeal was taken from the judgment and the appellant paid the $25,000 which was the policy coverage.
In 1955, the appellee filed suit in the Circuit Court in and for Dade County which suit was transferred to the United States District Court for the Southern District of Florida. The complaint alleged that the appellant was liable to him for the excess amount of the judgment above the policy limits on the grounds that the appellant defended the aforesaid action in bad faith and was negligent in failing to settle the claim. There being no Florida case found on the subject, the United States District Court held that no recovery could be had until actual payment by the plaintiff to the judgment creditor of the excess amount or any part thereof. This ruling by the United States District Court followed what is generally considered to be the minority view in this country.
Upon appeal the United States Court of Appeals reversed the judgment on grounds *250 not material to this appeal, without deciding whether payment to the judgment creditor was necessary before the insured could recover from the insurer for the excess amount owed to him as a result of the bad faith and negligence of the insurance carrier. Dotschay et al. v. National Mutual Insurance Co. of District of Columbia, 5 Cir.1957, 246 F.2d 221.
After the case was remanded to the federal district court, the complaint was then treated as one for declaratory decree. The court entered its declaratory decree declaring the rights of the parties in part as follows:
"That the plaintiff Nick Dotschay, individually, shall have a cause of action in the event that he pay all or any part of the judgment owed by him * * *"
While the appellant now complains that the above decree subjects it to a separate lawsuit as each part payment is made, no appeal was taken from such final decree. Thereafter, the appellant paid the judgment creditor $300 and brought suit in the Civil Court of Record against the appellee for the sum so paid together with his attorneys' fees. The case was tried without a jury and the court found the insurance carrier guilty of bad faith and assessed damages in the sum of $300 plus attorneys' fees. The judgment was appealed and affirmed by this court without opinion. National Mutual Insurance Co. of District of Columbia v. Nick Dotschay, Fla.App. 1960, 118 So.2d 680.
On May 3 and July 20 of 1960, Nick Dotschay paid the judgment creditor the sums of $4,500 and $300 respectively, and soon after filed suits in the Civil Court of Record for these amounts. The insurance carrier answered and interposed as one of its defenses that the appellee split his cause of action by reason of the prior Civil Court of Record judgment. The court summarily adjudicated the question of liability and found for the plaintiff in the amounts paid with an additional amount for attorneys' fees. The insurance carrier has appealed from the final judgments in both causes and for purposes of this appeal the causes have been consolidated.
Appellant contends that the lower court erred in entering the judgments in that the appellee should have been deemed to have split his cause of action by reason of his suit and recovery of the first $300 judgment. In other words, there was only one cause of action for the entire amount owed to the appellee, and when the appellee recovered a part of the excess amount he lost his right to the remainder. This argument is based on what we find to be the majority view in this country as to recovery of excess amounts from an insurance carrier for bad faith in settling actions. Under this view, it is not necessary that any portion of the excess judgment be paid for the insured to have a cause of action against the insurer. Wessing v. American Indemnity Co. of Galveston, Texas, D.C.W.D.Mo. 1955, 127 F. Supp. 775. Accordingly, an insured would have to sue for the entire amount or else be susceptible to the affirmative defense that he split his cause of action when such defense is set up upon a subsequent suit by the insured for the remainder of the excess judgment.
The lower court herein in finding for the appellee, held that the question of whether the minority view adopted by the United States District Court or the majority view propounded by the appellant was the correct law of this state, was not an open question but that such question is now res judicata by reason of the United States District Court's decree.
There can be no doubt that such a decree is as binding as any final judgment for res judicata purposes. 9 Fla.Jur., Declaratory Actions, § 56. That section reads as follows:
"The court's declaration in declaratory judgment proceedings has the force and effect of a final decree, judgment, or order. Where any declaratory decree, judgment or order is given or made by way of anticipation with respect to any act not yet done or any event which has not yet happened, the *251 decree, judgment or order has the same binding effect with respect to that future act or event, and the rights and liabilities arising therefrom, as if that act had already been done or that event had already happened before the decree, judgment or order was made. The court's declaration is therefore res judicata of the matters at issue as between the parties and their privies."
We agree with the lower court and the appellee that the question of whether there was one or more causes of action under these circumstances has already been decided by the federal court. The lower court in its order said in part as follows:
"If there is to be any reliance upon prior judgments and decrees then recognition must be given to the last District Court order from which no appeal was taken, declaring plaintiff's rights in the matter, in which he was there limited to recover these monies or any part paid by him on the judgment outstanding against him. Some may take issue with the District Court holding but defendant did not and the parties became bound by it and it is now res judicata * * * Defendants cannot now be heard to ask for a different rule as between the parties in the case."
See Restatement of the Law, Judgments § 48 (p. 191), § 67 (p. 286).
For an issue to be res judicata it is not necessary that the prior judgment be right. Bennett v. Commissioner of Internal Revenue, 5 Cir.1940, 113 F.2d 837, 130 A.L.R. 369; Ballard v. First National Bank of Birmingham, 5 Cir.1958, 259 F.2d 681. The court in the Ballard case stated at pages 683-684:
"`The doctrine of res judicata does not depend upon whether or not the prior judgment was right. It rests upon the finality of judgments as a matter of public policy, to the end that controversies once decided shall remain in repose.'
* * * * * *
"`It is a fundamental principle of jurisprudence that material facts or questions which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and that such facts or questions become res judicata and may not again be litigated in a subsequent action between the same parties or their privies, regardless of the form the issue may take in the subsequent action * * *.'"
See Matthews v. Wolvin, 5 Cir.1959, 266 F.2d 722 (applying Florida law).
Accordingly, the orderly administration of the law does not allow parties to a cause to litigate any issue which has already been litigated, or which should have been litigated, between the parties in an earlier action. In the instant case, the appellant could, by timely appeal, have taken measures to correct the application of law by the federal district court, which it now seeks to do by advocating the principle that there was a cause of action without any payment to the judgment creditor by the appellee. The appellant could have and should have taken an appeal from the declaratory decree if it thought it was wronged or would be wronged in the future by the appellee coming in piecemeal to collect the excess judgment as he pays it. Failing to have done so, it is now estopped under the doctrine of res judicata from circumventing and attacking a judgment of a court of competent jurisdiction in a previous suit between the same parties where that judgment was never reversed. Hay v. Salisbury, 92 Fla. 446, 109 So. 617; Wolfson v. Ruben, Fla. 1951, 52 So.2d 344.
We hold that the appellee has not split his cause of action in that the federal declaratory decree is the law of this particular case. That decree held that there is only a cause of action when a part of the excess judgment is paid and such cause of action is only for the amount paid. To avoid any conflict in the future, it should be noted *252 that this opinion is not to be deemed to be an acceptance of the minority view as expressed in the federal decree. Rather, we feel that the better view is the majority view as contended by the appellant. However, the law of this state is deeply committed to the doctrine of res judicata, and on that basis we affirm the judgments appealed.
Affirmed.
PEARSON, TILLMAN, C.J., concurs.
HORTON, J., dissents.
HORTON, Judge (dissenting).
I respectfully dissent from the conclusion reached by the majority opinion as well as the reasons advanced therefor.
The fundamental principle upon which the majority bases its conclusion is the application of the principle of res judicata. The basis for the application of res judicata was allegedly established by a decree rendered in a declaratory judgment action by the Federal District Court for the Southern District of Florida in 1957. I am in complete accord with the authorities cited in the majority opinion enunciating and applying the principle of res judicata. The Supreme Court of this state, as well as this and other district courts of appeal, have in the past applied the principle of res judicata when facts susceptible to its application were present. I disagree with the application of the principle to the facts in this case.
As pointed out in the majority opinion, and as is evident from the record in these cases, the appellee brought his action in the federal district court upon the theory of the breach of a duty owed him by his insurance carrier under a contract of liability insurance. As a result of that action, the federal district court entered a decree which declared the rights of the appellee to be that he should "have a cause of action in the event that he pay all or any part of the judgment owed by him * * *"
In 1958, the appellee instituted an action in the Civil Court of Record for Dade County, Florida, to recover the sum of $300 which he had allegedly paid on the judgment. The complaint in that case specifically alleged and was brought under the theory that the appellant insurance carrier had breached its duty under the terms of the liability policy by failing in good faith to compromise and settle claims against the appellee within the limits of the policy. No reference whatsoever was made to the prior adjudication in the federal district court, nor was it sought to be pled in any fashion as res judicata of the issue of bad faith and failure to settle. After a trial before the court without a jury, judgment was entered for the appellee for the sum paid as well as attorney's fees and costs. This judgment was paid and satisfied.
In May and July, 1960, respectively, two separate actions were instituted by the appellee in the civil court of record alleging substantially, if not literally, the same matters alleged in the first cause of action in the civil court of record, but claiming as damages the sums of $4,500 and $300 respectively, as amounts paid on the judgment. No mention was made in these complaints of the existence of the federal declaratory decree. The appellant, as to the second and third actions in the civil court of record, answered, setting up the affirmative defense of res judicata, specifically, the bar of the judgment in the first civil court of record action which had been satisfied. In addition, it was affirmatively alleged in the appellant's answers that to permit the second and third actions was a violation of the prohibition against splitting causes of action. The appellee moved for summary judgments with supporting affidavits of one of its counsel, and for the first time mentioned the existence of the federal declaratory decree, attaching a copy thereof as an exhibit to each affidavit. The trial judge granted summary judgment in both cases and this appeal followed.
*253 The defenses raised by the answers of the appellant in the second and third actions are affirmative defenses permissible under the Florida Rules of Civil Procedure, rule 1.8(d), 30 F.S.A.
I conclude that the appellant's defenses as raised by its answers were good defenses and should have been sustained under the principles announced in Garden Suburbs Golf & Country Club Inc. v. Murrell, U.S.C.A., (5 Cir.) 180 F.2d 435, 436. The facts in that case are quite similar to those in the case at bar. In the Garden Suburbs case, the landlord had instituted a suit against the tenant to collect rents due under the terms of a hotel lease. The claim, however, was based upon a declaratory judgment of the circuit court, labeled the Hunt decree, which decree determined that the plaintiff was entitled to a judgment in a certain sum. The tenant, in a voluminous answer, set up the pleadings and judgment of a prior action in the Circuit Court of Dade County, Florida, known as the Wiseheart decree, as well as a prior decree of the United States District Court for the Southern District of Florida. On the basis of these two former actions and the judgments entered therein, the answer sought to nullify the later declaratory judgment upon which the landlord sued. The answer, on motion, was stricken and the cause was referred for the taking of testimony, resulting in the entry of a judgment for the landlord for the sum of $81,000. In an appeal from that judgment, the tenant assigned as error and grounds for reversal the court's action in striking the answer, setting up the earlier state court and federal court decrees, insisting on appeal, as it had before the federal district court, a complete defense of res judicata to the landlord's action. The appellee contended to the contrary. It was the appellee's position that the appellant was estopped by the Hunt declaratory decree issued out of the Circuit Court of Dade County, Florida, and on which he had brought his action. The court of appeals agreed with the appellee and in so doing said:
"In seeking in this suit to plead as a bar to the Hunt decree, the earlier Wiseheart decree and the judgment in the federal court based on it, neither of which were pleaded in the second state court suit, appellant found itself below, and finds itself here in the impossible position of seeking, contrary to the settled doctrine of the cases, to plead, as a bar to a later judgment between the same parties, an earlier judgment which was not pleaded as a bar in the latter suit."
If the appellee was relying on the federal decree then it was incumbent upon him to have made such reliance manifest by his pleadings in the first civil court of record action instituted in 1958. However, electing not to do so, I feel his failure constituted a waiver of such reliance and a judgment rendered in the first action in the civil court of record, when pleaded in bar of the second and third actions, was a complete defense under the doctrine of res judicata.
Further, it is my view that the prohibition against splitting causes of action would have further prevented the appellee from the second and third recoveries. See Mims v. Reid, Fla. 1957, 98 So.2d 498. This is so because the appellee has treated his cause of action, both in the federal district court and in the first civil court of record action, as one founded upon a breach of duty arising under a contract of insurance. There was only one breach of this duty and it was apparently proved in the first action in the civil court of record. Consequently, all that he could hope to sustain in subsequent actions was additional damages by reason of a payment or payments made on the judgment. Even if we give the federal declaratory decree the force and effect which the majority feels it warrants, I do not agree that a federal district court by judgment, decree or otherwise could bind the hands of a state court to procedures and remedies which not only have not been sanctioned but are specifically prohibited by decisions of the highest court of this state. The greatest recognition to which the federal *254 declaratory decree is entitled is the fact that it was an adjudication on the issues declared but it could not afford remedies and procedures for its enforcement in the court of a foreign forum.
What inconsistent positions the appellant might have taken in the federal court as contrasted to its position in the state proceedings would appear to me to be of little consequence for the reason that the appellee did not elect to found his claim on the federal declaratory decree, but instead sought specifically to recover for an alleged breach of his contract of insurance with the appellant.
As an observation, but not necessarily a reason why these judgments under review should be reversed, is the fact that the appellee had an adequate remedy in the federal district court as a result of the declaratory decree rendered. 28 U.S.C.A. § 2202 provides:
"Further necessary or proper relief based upon a declaratory judgment or decree may be granted after reasonable notice and hearing against any adverse party whose rights have been determined by such judgment."
This section has been construed by the Fifth Circuit Court of Appeals in the case of Texasteel Mfg. Co. v. Seaboard Surety Co., 5 Cir., 158 F.2d 90, to the effect that a money judgment after rendition of a declaratory decree under the federal declaratory decree statute was proper. To the same effect is Danko v. Shell Oil Co., U.S. District Court, Eastern District of New York, 115 F. Supp. 886, 888, and cases cited. Assuming, arguendo, that a cause of action existed upon each payment made on the judgment by the appellee was contrary to the majority view in this country, nevertheless, absent an appeal from such decree it would have been, in the federal district court, the law of the case, and the appellant here would have thereby been bound. Electing, however, not to pursue the remedies afforded him by the federal statute (28 U.S.C.A. § 2202, supra) but to institute a new suit in the state courts upon the contract of insurance which had been the subject matter of the federal court's adjudication, he became thereby bound not only by the rules of procedure but by substantive law as applied by the courts of this state, that is, he was subject to the defense of res judicata as represented by the first recovery in the civil court of record and the principle of splitting causes of action as announced by the Supreme Court of this state in Mims v. Reid, supra.
For the reasons stated, I would reverse the judgments rendered in both cases and direct the entry of summary judgments in favor of the appellant.