**SEABOARD COAST LINE RAILROAD COMPANY and Atlantic Land and Improvement Company, Plaintiffs-Appellants,**

v.

**GULF OIL CORPORATION, Defendant-Appellee.**

**No. 26623.**

United States Court of Appeals
Fifth Circuit.

April 2, 1969.

E. Snow Martin, Martin & Martin, J. H. Roberts, Jr., Lakeland, Fla., for appellants.

William T. Keen, Thomas C. MacDonald, Jr., Tampa, Fla., for appellee; Shackleford, Farrior, Stallings & Evans, Tampa, Fla., of counsel.

Before JOHN R. BROWN, Chief Judge, and GEWIN and GOLDBERG, Circuit Judges.

GOLDBERG, Circuit Judge:

General MacArthur remarked in his farewell address to Congress that, "Old soldiers never die, they just fade away." The appellants "champion the notion that old lawsuits never die; nor do they fade away."[1] They urge us to reverse the summary judgment of the district court so that they may relitigate a cause of action that has been thoroughly litigated in the Florida courts. Being of the opinion that the doctrine of *res judicata* bars such relitigation, we affirm.

Gulf Oil Corporation (Gulf), the appellee, leased land for a pipeline and for a petroleum plant from the appellants, Atlantic Land and Improvement Company and Seaboard Coast Line Railroad Company as successor to Atlantic Coast Line Railroad (these appellants are referred to collectively as Coast Line). The documentation for this agreement consisted of, *inter alia,* a license and two leases, and it contained clauses which provided that Coast Line would be indemnified for any losses resulting from fire on the leased premises. Subsequently two employees of Gulf were injured in a fire caused by Coast Line's negligence on the leased property. The employees received $100,000 in a compromise settlement of their negligence action.

On November 13, 1964, Gulf brought suit in the Circuit Court of Hillsborough County, Florida, against Coast Line and asked for a declaratory judgment that Gulf was not obligated to indemnify Coast Line for the $100,000 paid to the employees injured in the fire. The Circuit Court held that Coast Line had a right to indemnity, but the District Court of Appeal reversed and ordered judgment entered for Gulf. After numerous motions and another appeal by Coast Line, the Florida judgment in favor of Gulf became final.

Coast Line then filed this suit in the United States District Court. Gulf moved for a summary judgment, claiming that Coast Line's claim was barred by *res judicata.* Gulf's motion was granted, and judgment was entered against Coast Line.

■ In both the court below and the Florida courts Coast Line predicated its right to recovery upon the indemnity provisions of its agreement with Gulf. Coast Line, however, argues that it was suing under the license instrument in the Florida courts and under another document in the court below. It contends that by basing its claim upon different documents of the same agreement, it can split its cause of action for indemnity and have two trials on the same alleged breach of duty. This documentary duality cannot have the effect of creating two separate and independent choses in action where otherwise there would be only one. Thus, our concern is whether Coast Line had two separate causes of action for indemnity, not whether it can now produce different evidence in support of the claim already litigated in the Florida courts. Hinchee v. Fisher, Fla.1957, 93 So.2d 351, 353; Del Vecchio v. Del Vecchio, Fla.Dist.Ct.App.1965, 179 So.2d 400. In Williamson v. Columbia Gas & Electric Corp., 3 Cir. 1950, 186 F.2d 464, 470, cert. denied, 341 U.S. 921, 71 S.Ct. 743, 95 L.Ed. 1355, we read:

"Reference to the basic theory of tort liability substantiates the position taken here. To put it in rather elementary tort language, the basis of the plaintiff's recovery is liability-creating conduct on the part of the defendant, the invasion of a legally protected interest of the plaintiff and the necessary causal connection between defendant's acts and plaintiff's injury. The plaintiff having alleged operative facts which state a cause of action because he tells of defendant's misconduct and his own harm has had his day in court. He does not get another day after the first lawsuit is concluded by giving a different reason than he gave in the first for recovery of damages for the same invasion of his rights. The prob-

---

1. Smith v. Fitzsimmons, S.D.N.Y.1967, 264 F.Supp. 728, 730, affirmed, 2 Cir. 1968, 394 F.2d 381, cert. den. 393 U.S. 939, 89 S.Ct. 300, 21 L.Ed.2d 276.

lem of his rights against the defendant based upon the alleged wrongful acts is fully before the court whether all the reasons for recovery were stated to the court or not."

▮ The principal test for comparing causes of action is whether or not the primary right and duty, and the delict or wrong are the same in each action. Engelhardt v. Bell & Howell Co., 8 Cir. 1964, 327 F.2d 30, 32. In Baltimore S.S. Co. v. Phillips, 1926, 274 U.S. 316, 47 S. Ct. 600, 71 L.Ed. 1069, the Supreme Court instructs us:

"A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show. The number and variety of the facts alleged do not establish more than one cause of action so long as their result, whether they be considered severally or in combination, is the violation of but one right by a single legal wrong." 47 S. Ct. at 602, 71 L.Ed. at 1072.

▮ Applying this test to the case at bar, we find that in both the court below and the Florida courts the duty alleged was the obligation to indemnify for losses caused by fire, and the alleged breach of duty was Gulf's failure to indemnify Coast Line in the amount of $100,000. We therefore conclude that the causes of action were the same. Wolfson v. Rubin, Fla.1951, 52 So.2d 344.

Because of the complete identity of Coast Line's causes of action, *res judicata* decrees that this litigation must end:

"Res judicata is a principle of peace. Under its influence an end is put to controversies. Parties and their privies are made to abide definitive and final judgments and litigations are concluded.

"Res judicata rests on a rule of public policy designed to put an end to mere contentious litigations. Under that rule an issue once finally settled by the judgment of a court of competent jurisdiction, remains settled. 'Public policy dictates that there be an end of litigation; that those who have

contested an issue shall be bound by the result of the contest; and that matters once tried shall be considered forever settled as between the parties.'"

"* * * the rule of res judicata does not go on whether the judgment relied on was a right or a wrong decision. It rests on the finality of judgments in the interest of the end of litigation and it requires that the fact or issue adjudicated remain adjudicated. It, in short, is that one, who has permitted a final judgment to go against him is estopped, by that judgment, from contending elsewhere, against the parties to it and their privies that the fact or issue is otherwise than as there adjudged." Bennett v. Commissioner of Internal Revenue, 5 Cir. 1940, 113 F.2d 837, 839–840, 130 A.L.R. 369.

See also Norman Tobacco & Candy Co. v. Gillette Safety Razor Co., 5 Cir. 1961, 295 F.2d 362; Caldwell, etc., v. Massachusetts Bonding & Ins. Co., Fla.1947, 158 Fla. 677, 29 So.2d 694.

▮ The application of these fundamental principles is not altered in the least by the fact that the judgment in the Florida courts was a declaratory judgment. In National Mutual Ins. Co. v. Dotschay, Fla.Dist.Ct.App.1961, 134 So. 2d 248, 250–251, we read:

"There can be do doubt that such a decree is as binding as any final judgment for res judicata purposes. 9 Fla. Jur., Declaratory Actions, § 56. That section reads as follows:

'The court's declaration in declaratory judgment proceedings has the force and effect of a final decree, judgment, or order. Where any declaratory decree, judgment or order is given or made by way of anticipation with respect to any act not yet done or any event which has not yet happened, the decree, judgment or order has the same binding effect with respect to that future act or event, and the rights and liabilities arising therefrom, as if that act had already been done or that event had

already happened before the decree, judgment or order was made. The court's declaration is therefore res judicata of the matters at issue as between the parties and their privies.' "

But *cf.* North Shore Realty Corp. v. Gallaher, Fla.Dist.Ct.App.1957, 99 So.2d 255.

Coast Line has had its days in court with every opportunity to present all the elements of its case. We hold that the Florida judgment is *res judicata* of the case *sub judice.*

Affirmed.