**WILLIAM E. GOETZ & SONS et al., Plaintiffs-Appellants,**

v.

**BOARD OF REGENTS, STATE SENIOR COLLEGES, et al., Defendants-Appellees.**

No. 72–1770

Summary Calendar.*'

United States Court of Appeals, Fifth Circuit.

Aug. 10, 1972.

---

** Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co of New York et al., ' Cir., 1970, 431 F.2d 409.

Earle Cobb, Jr., San Antonio, Tex., for plaintiffs-appellants.

John Reeves, Asst. Atty. Gen., Austin, Tex., for defendants-appellees.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

This case originally began in a Texas district court in Travis County, Texas. Goetz & Sons there sought a declaratory judgment against the Board of Regents of the State Teachers Colleges of Texas to determine its rights under a construction contract.[1] The trial court entered a judgment for the Board. The Austin Court of Civil Appeals reversed and rendered, but the Supreme Court of Texas subsequently reversed the appellate court and affirmed the judgment of the trial court. Appellants then petitioned

the Supreme Court for certiorari, which was denied. 400 U.S. 807, 91 S.Ct. 43, 27 L.Ed.2d 36 (1970). Appellants thereafter journeyed to the Federal district court and brought the same suit against the same parties, this time basing their complaint on the asserted deprivation of certain constitutional rights. The Federal district court held that the judgment of the Supreme Court of Texas was *res judicata* and barred appellants' present action. The complaint was consequently dismissed and we affirm.

The doctrine of *res judicata* prevents re-litigation of a cause of action between parties or their privies when a court of competent jurisdiction has previously entered a final judgment on the merits. See Wasoff v. American Auto. Ins. Co., 451 F.2d 767 (5th Cir., 1971), and cases cited therein.

The parties here are the same as those in the Texas courts, and the Supreme Court of Texas undoubtedly had jurisdiction to render judgment against appellants. Thus, the problem is whether appellants are asserting the same cause of action in the Federal courts as that pursued in the Texas courts. As this court stated in Seaboard Coast Line R.R. Co. v. Gulf Oil Corp., 409 F.2d 879, 881 (5th Cir., 1969):

"The principal test for comparing causes of action is whether or not the primary right and duty, and the delict or wrong are the same in each action."

The right which appellants assert is to recover $17,000 from appellees. Appellants' complaint arises from a rather complicated set of facts. *See* Board of Regents of State Teach. Col. of Tex. v. Goetz, 453 S.W.2d 290 (Tex.1970). We restate them only briefly. Goetz was awarded a bid to construct some college buildings. The bid was $864,888, but included an error of $26,153.65. Through negotiations this latter amount was reduced to $17,000, the amount now in controversy. The Board adopted a resolution to pay Goetz this sum provided it had the legal authority to do so.

---

1. The name of this Board has been changed to Board of Regents, State Senior Colleges.

**434**

The construction work was completed and the bid price was paid. Appellants then sought a declaratory judgment to establish their right to the $17,000. The Supreme Court of Texas denied Goetz any recovery, reasoning that:

". . . The subject matter of the negotiations leading to the adoption of the resolution by the Board of Regents was specifically dealt with in the bid as well as in the contract which was signed by the parties. The bid and the final written contract to construct and improve the Science Building and Library Building at a cost of $864,888.00 included the masonry work. The conditional agreement to pay the sum of $17,000.00 in addition to that agreed upon as reflected in the contract was for the same masonry work. Such agreement is inconsistent with the final agreement entered into between the parties. These extrinsic negotiations are ineffective under the parol evidence rule which precludes the giving of legal effect to extrinsic negotiations which have been specifically dealt with in the final writing." 453 S.W.2d at 291–292.

Appellants construe this decision as meaning that the Board has the authority to pay the additional $17,000 and that its subsequent refusal to pay violates Goetz's constitutional right to due process and equal protection of the laws. Even though appellants state a constitutional claim to $17,000, they are merely asserting, with some embellishment, the same cause of action as that raised in the Texas courts. We cannot agree with appellants' construction of the judgment of the Supreme Court of Texas. The appellants have had their day in court, have fully litigated their claims, and a final judgment has been rendered by a court of competent jurisdiction on the merits of these claims. *Res judicata* dictates that the judgment of the district court be affirmed.