**Barbara Ann BRACHETT,**
**Plaintiff-Appellee,**

v.

**UNIVERSAL LIFE INSURANCE COMPANY,**
**Defendant-Appellant.**

**No. 75–1509**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Sept. 19, 1975.

Rehearing and Rehearing En Banc
Denied Oct. 24, 1975.

Dewey J. Gonsoulin, Beaumont, Tex., for defendant-appellant.

Alan McNeill, Beaumont, Tex., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

This is an appeal by Universal Life Insurance Company from a judgment for Brachett in the amount of $16,000, representing proceeds of insurance on the life of her husband. Universal argues that res judicata bars this suit. We agree and reverse.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

On November 6, 1971, Washington, an agent of Universal, solicited an application for mortgage cancellation life insurance from Brachett's husband. After the first three months' premium was paid, Washington told him that the policy would be in force as soon as he passed the required physical, which he did on November 8. On November 21, before the policy was issued by Universal, Brachett's husband died.

Universal refused payment on the policy, and Brachett, as beneficiary, sued in Texas state court for breach of contract, alleging the policy to be in force upon her husband's passing the physical. Judgment was entered for Universal on the basis that Washington had no authority to issue an oral binder on the policy. Thus, no contract existed at the time of death. Subsequently, Brachett filed this suit in the United States district court, based upon the same facts, but alleging negligence of agent Washington in making the oral binder rather than breach of contract. Universal raised and preserved its res judicata defense by motions for summary judgment, directed verdict, and judgment notwithstanding the verdict. The district court rejected the defense and entered judgment on a jury finding of negligence.

Both Texas and federal courts have held res judicata to bar a plaintiff from raising in a second suit involving the same parties and subject matter as a prior suit a claim which with diligence could have been litigated in the prior suit. *Hall v. Tower Land and Investment Co.,* 5 Cir. 1975, 512 F.2d 481, 483; *Wasoff v. American Automobile Insurance Co.,* 5 Cir. 1971, 451 F.2d 767, 769; *Seaboard Coast Line Railroad Co. v. Gulf Oil Corp.,* 5 Cir. 1969, 409 F.2d 879, 881; *Midessa Television Co. v. Motion Pictures for Television, Inc.,* 5 Cir. 1961, 290 F.2d 203, 204; *Abbott Laboratories v. Gravis,* Tex.1971, 470 S.W.2d 639, 642.

The parties to this suit are identical to those in the prior state court suit. The negligence and contract claims involve the same subject matter, both arising out of precisely the same set of facts and involving the violation of the same primary duty. *See Seaboard, supra* at 881. Texas Rules of Civil Procedure 48 permits alternative theories, regardless of consistency, to be pleaded in the same suit. Since Brachett could have raised the negligence claim against Universal in the initial state court action, res judicata bars this second suit.[1]

Reversed.

---

1. Universal likewise would have prevailed in the collateral estoppel defense which it raised. *See Stevenson v. International Paper Co.,* 5 Cir. 1975, 516 F.2d 103 at p. 110.