**John COFFEE and Nancy Coffee, Plaintiffs,**

v.

**ULYSSES IRRIGATION PIPE COMPANY, Defendant.**

Civ. A. No. CA–5–79–141.

United States District Court, N. D. Texas, Lubbock Division.

Nov. 10, 1980.

---

John L. Shepherd, Seminole, Tex., for plaintiffs.

Rodney W. Satterwhite, Stubbeman, McRae, Sealy, Laughlin & Browder, Midland, Tex., for defendant.

## MEMORANDUM OPINION

WOODWARD, Chief Judge.

This case was tried before the court without a jury on the 6th day of November, 1980 with all parties and attorneys present. After hearing and considering the evidence and the briefs and arguments of counsel, the court files this memorandum opinion which shall constitute the court's findings of fact and conclusions of law. In addition the stipulations of the parties and the attached findings of fact and conclusions of law are incorporated herein and made a part of the findings of fact and conclusions of law of this court.

Plaintiffs were formerly residents and citizens of the State of Texas and the defendant is a division of a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of Illinois. The amount claimed as damages is in excess of $10,-000.00 and the requisite diversity of citizenship give this court jurisdiction.

In August of 1973, the defendant had on hand ten re-conditioned Model 2100 Lockwood sprinkler irrigation systems which had been manufactured in 1972, used, and then

re–conditioned. A representative of the defendant, Mr. W. H. Holleman, negotiated with Mr. Tom Coffee, now deceased, and advised him of the availability of these machines and Mr. Holleman testified that he specifically told Mr. Coffee that they were one year old, re–conditioned, but had all new gear boxes, new pipes, new motors, and a modified superstructure. Pursuant to the negotiations, Mr. Tom Coffee ordered two of the machines and a sales agreement dated September 6, 1973 (D–"A") was entered into for the purchase by Mr. Coffee of two of these machines. Later, on June 15, 1974 (P–6), the machines were sold by defendant to Mr. Coffee. This sale created a financing arrangement which was subsequently assigned to a bank in Omaha, Nebraska. In a description of the two machines it was stated that they were "new" but apparently instead of being new they were re–conditioned with nearly all new parts as above indicated. Mr. Holleman also testified that this description of "new" was inserted so that the bank would finance the machines for Mr. Coffee and it was done solely for his convenience and that Mr. Coffee knew that was the purpose of describing these machines in this manner as the bank would not finance used or re–conditioned machines. Defendant claims that, as a matter of fact, the machines were new in most respects, but even if they were re–conditioned as distinguished from brand new, Mr. Coffee was fully aware that they were re–conditioned machines when he executed the contracts in 1973 and 1974.

The plaintiffs, surviving heirs of Mr. Tom Coffee, filed this suit for breach of warranty and claimed their damages for such breach.

Previously, Thomas R. Coffee has filed suit in this court against Ulysses Irrigation Pipe Company and others, and bearing Cause No. CA–5–75–61. Upon motion of the plaintiffs, this case was dismissed by this court, with prejudice to the refiling of same, on November 2, 1977. On the 7th day of September, 1977, Mr. Coffee executed a release (D–"D") which contained a complete release to the defendant in this case and containing, among other things, the following language:

"Releasors further agree that all causes of action included in the above–mentioned suit which might or could grow out of the transaction or state of facts which give rise to such suit are likewise hereby compromised and settled."

"Releasors expressly agree that this agreement and release shall be considered as a bar to further prosecution of the above–mentioned suit. Releasors further agree that this agreement and release shall be a bar to any and all suits by any and all Releasors that might grow out of the transactions or state of facts in the above–entitled and numbered cause."

Later in the release the following paragraph appeared:

"It is expressly agreed and understood that certain warranties still exist on the equipment that was the subject of this lawsuit and this release in no way affects the warranties on the equipment or any claim under warranty that might arise on behalf of the Releasors. Other than the warranty clause, any and all other claims arising out of the state of facts involved in this suit are hereby released."

In the case now before this court, it is shown that the plaintiffs' original complaint or petition was filed in the State District Court of Gaines County, Texas on October 25, 1979.

This court is of the opinion that judgment should be entered for and on behalf of the defendant for the following reasons:

1. As the court finds that Mr. Tom Coffee knew that the machines were re–conditioned at the time he negotiated with Mr. Holleman on behalf of Ulysses in August or September of 1973, and as this suit was filed in October of 1979, more than six years have elapsed since Mr. Coffee became aware that the machines were not new. Therefore, his cause of action for breach of the warranty involved in this suit is barred by both the two–year, Article 5526, and the four–year, Article 5529, Texas statutes of limitation. The court is aware that Article 5526 has been amended effective August 27,

242

1979, but the cause of action had long been barred by these statutes prior to such amendment.

■ 2. The court further holds the plaintiffs' cause of action here is barred by the doctrine of res judicata. The prior suit was dismissed with prejudice, it was between the same parties as are involved in the present litigation, and it involved the same contract and sale of the same two irrigation machines which are involved in this case. *Brachett v. Universal Life Insurance Co.*, 519 F.2d 1072 (5th Cir. 1975). The claim of breach of warranty could have, with diligence, been litigated in the prior suit although the plaintiffs only specifically mentioned the failure to timely deliver the machines as a basis for their cause of action in their first suit. But as indicated by the Fifth Circuit, above, the dismissal with prejudice, where the parties to the suit are identical, involving the same subject matter, constitutes a bar under the doctrine of res judicata of a second suit stating an additional claim.

■ 3. The settlement and release executed by Mr. Coffee, the predecessor in title to plaintiffs in this suit, in favor of the defendant in this suit fully released any claim that has been asserted in the instant litigation. In the first place, this court is of the opinion that the word "new" on the bill of sale and security agreement did not constitute a warranty under the circumstances and the parties did not intend for it to do so. Both parties knew the purpose of placing that word in this instrument (P–2), and at the time it was made Mr. Thomas Coffee was fully aware that the machines that he was to receive would be re–conditioned rather than new. Therefore, the clause in the release signed by Mr. Coffee excepting any claim for breach of warranty does not apply to the representation made to the bank that the machines were "new."

The finding that Mr. Coffee knew that the machines were re–conditioned and not "new" and finding that the use of the word "new" was for the purpose of securing financing, is supported by all of the evidence in this case, and no evidence has been introduced to the contrary.

■ 4. The Deceptive Trade Practice Act of the State of Texas, Section 17.-50(a)(2), is the section relied upon by plaintiffs for recovery for breach of warranty. Section 2.607 of the Business and Commerce Code of the State of Texas provides that the buyer must, within a reasonable time after he discovers or should have discovered any breach, notify the seller of the breach or be barred from any remedy. The evidence does not show that any such notice of this particular breach of warranty has been given by plaintiffs or Mr. Tom Coffee to defendant. Mr. John Coffee testified that he first learned in 1976 that the machines were not new and he failed to give any notice prior to the filing of this suit in October of 1979. Such a period is not reasonable within this statute.

A judgment will be entered accordingly.

### FINDINGS OF FACT and CONCLUSIONS OF LAW

#### I.

The following findings of fact are here entered:

(1) That on or about September 6, 1973, Defendant sold to Thomas R. Coffee two (2) 1972 Lockwood sprinkler systems for a total price of $38,115.00.

(2) That Thomas R. Coffee knew at the time of his purchase that the sprinkler systems he purchased were rebuilt or reconditioned units and that is the reason the systems were secured for a price below the market value of similar new systems.

(3) That the value of the systems purchased by Thomas R. Coffee, at the time of their purchase, was $38,115.00.

(4) That Thomas R. Coffee knew or should have known that the systems he purchased were reconditioned more than two years prior to October 25, 1979.

(5) That this suit was filed on October 25, 1979.

(6) That neither plaintiffs, nor their predecessor in interest, provided defendant

any notice of their breach of warranty claim within a reasonable time after it was discovered, or should have been discovered, that the systems purchased were not new but were rebuilt or reconditioned.

(7) That Thomas R. Coffee knew or should have known that the systems he purchased were reconditioned more than four years prior to October 25, 1979.

(8) That the sprinkler systems worked properly and defendant honored and did not breach the equipment warranty extended at the time of the purchase of said sprinkler systems.

(9) That Thomas R. Coffee accepted the tender of the aforedescribed sprinkler systems.

(10) That Thomas R. Coffee filed suit on or about June 11, 1975, asserting a cause of action arising out of the same transaction and same state of facts as the instant suit, which suit was dismissed with prejudice.

(11) That the release executed by plaintiffs' predecessor in title, in favor of defendant, was intended to release all claims of any nature arising out of the sale and set–up of the sprinkler systems involved in this suit with the single exception that, as to the systems actually delivered to Mr. Thomas R. Coffee, defendant remained bound to honor the equipment warranty provided at the time of the sale.

## II.

The following conclusions of law are here entered:

(1) That plaintiffs, by reason of their failure to comply with the notice provisions of Article 2.607, are barred from any remedy arising out of sale of said sprinkler systems.

(2) That plaintiffs, by reason of their failure to comply with the notice provisions of Article 2.607, cannot assert a breach of warranty claim capable of supporting a recovery under § 17.50 of the Deceptive Trade Practices–Consumer Protection Act.

(3) That any claim plaintiffs might have is barred by the two–year or four–year statute of limitations.

(4) That the cause of action asserted by plaintiffs in this cause was released as a result of that Settlement and Release dated September 7, 1977, and filed in Cause No. CA–5–75–61 in this court.

(5) That the cause of action asserted by plaintiffs in this cause is barred by res judicata.

(6) That defendant is not liable to plaintiffs.

(7) That the release executed by plaintiffs' predecessor in title, in favor of defendant, released all claims of any nature arising out of the sale and set–up of the sprinkler systems involved in this suit with the single exception that, as to the systems actually delivered to Mr. Thomas R. Coffee, defendant remained bound to honor the equipment warranty provided at the time of the sale.