Carol Jean **STANLEY**, Appellant,

v.

Lawrence David **STANLEY**, Appellee.

No. 09 86 159 CV.

Court of Appeals of Texas, Beaumont.

Jan. 29, 1987.

Harvey F. Cohen, Houston, for appellant.

Gilbert I. Low, Orgain, Bell & Tucker, Beaumont, for appellee.

## OPINION

DIES, Chief Justice.

Appellee, Lawrence David Stanley ("husband") filed a personal injury suit as the result of an accident. While the injury suit was pending, husband and Carol Jean Stanley ("wife"), Appellant, were divorced in Orange County, Texas. The divorce decree awarded wife, inter alia, "One half (½) of any damages recovered by Petitioner [husband] for loss of earning capacity during the marriage caused as a result of Petitioner's injury on February 19, 1979." The personal injury suit was settled, and wife received $150,000 from tort-feasors, for which she signed a release. Later, she filed suit in federal court basically claiming the attorneys agreed husband was to pay her an additional $150,000 of the settlement, and that her release of the tort-feasors in the injury suit had not satisfied husband's obligation in the Orange County divorce decree. The federal judge granted husband a summary judgment, which was affirmed by the Fifth Circuit, 785 F.2d 1033 (March 13, 1986, per curiam), No. 85–2819 Summary Calendar, not published.[1]

In April 1986, wife filed a "Motion for Entry of Final Judgment or Alternatively, Motion for Clarification of Judgment" in the district court of Orange County where, basically, the same contention was made as she had made in the federal court case. On May 19, 1986, the district judge of Orange County overruled wife's motion "by reason of the fact that the Respondent, Carol Jean Stanley, has already recovered the amount she was entitled to recover under the original divorce decree." Wife has perfected appeal to this court with three points of error: (1) that there was no or (2) insufficient evidence before the trial court that

wife recovered any amount from her ex-husband under the divorce decree, and (3) as a matter of law, the release wife signed did not release her ex-husband from his obligations under the Orange County divorce decree. We affirm.

When an appellate court is demanded to determine if there is any evidence to sustain a trial court's decision, we consider only the evidence and inferences therefrom which tend to support the verdict and disregard all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965). A contention that the evidence is insufficient directs us to all the evidence. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). We have no findings of fact or conclusions of law in the case at bar. Credence must be given to the evidence favorable to support the judgment. *Construction and General Labor Union v. Stephenson*, 148 Tex. 434, 225 S.W.2d 958 (1950); *Gulf States Theatres of Texas v. Hayes*, 534 S.W.2d 406 (Tex.Civ.App.—Beaumont 1976, writ ref'd n.r.e.).

We have in our record an agreed statement of facts, and four depositions, three of which were given by the attorneys in the case. It is true that wife's attorney testified he understood that his client was to receive $150,000 from husband plus whatever she obtained from the tort-feasors in the injury case. This attorney so stated also in a letter to one of husband's attorneys. However, there was no written confirmation of this letter by husband's attorneys, and both of them denied such an agreement by deposition.

We also have proof that husband's lead attorney in the injury suit negotiated the $150,000 settlement for wife with the tort-feasors in the injury suit.

It is agreed by both sides that wife had two claims—loss of consortium, and one-half of the husband's lost earning capacity during the marriage. We have evidence each of these items of damage was evaluated at $75,000. At the time the divorce decree was entered, no money had been received from the personal injury suit;

1. By stipulation, we have a copy of the opinion in our record.

therefore, we think wife's construction of the divorce decree to mean that $150,000 must come from husband only to be faulty.

■ There is yet another reason why we hold for husband. The rule of res judicata in Texas bars litigation on all issues connected with the cause of action or defense which, with the use of reasonable diligence, might have been tried in a former trial, as well as those which were actually tried. *Ogletree v. Crates*, 363 S.W.2d 431 (Tex. 1963); *Brachett v. Universal Life Insurance Company*, 519 F.2d 1072 (5th Cir. 1975). And this applies to federal as well as Texas courts. *Brachett, supra.*

Wife attempts to escape this principle because in her appeal to the 5th Circuit, that court wrote, inter alia,

"As a rule, federal courts will refuse to exercise diversity jurisdiction in domestic relations cases because issues of domestic relations are exclusively within the purview of the state courts. [citing authority] . . .

". . . Therefore, we decline to exercise jurisdiction over the appeal so far as it is based on the divorce decree."

As all summary judgments, the summary judgment granted by Judge Parker (the federal trial judge) does not state his reasons for granting the same. However, it cannot be disputed it prevented wife from recovering $150,000 from her ex-husband because of an alleged agreement, and this was affirmed by the 5th Circuit. So, to this extent anyway, res judicata does apply. Wife's (Appellant's) points of error are all overruled.

The order of the trial court in Orange County is affirmed.

Affirmed.