Harry K. WASOFF, Plaintiff-Appellant,

v.

AMERICAN AUTOMOBILE INSUR-
ANCE CO., Defendant-Appellee.

No. 71–1894

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 16, 1971.

Robert A. Fanning, Harlan Harper, Jr., Fanning & Harper, Dallas, Tex., for plaintiff-appellant.

Franklin H. Perry, Larry L. Gollaher, Dallas, Tex., for defendant-appellee; Thompson, Coe, Cousins, Irons & Porter, Dallas, Tex., of counsel.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

GEWIN, Circuit Judge:

This appeal is from an order of the district court which dismissed appellant Harry K. Wasoff's complaint against the appellee, American Automobile Insurance Company (American), on the ground that the matters complained of were res judicata. The court concluded that the same issues had been decided previously by the same court in an action between the same parties which resulted in a dismissal of the complaint

---

* [1]  Rule 18, 5 Cir.  See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New

York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

and a judgment for American for want of prosecution by Wasoff. The single question presented for review is whether the prior judgment is res judicata as to the action now under consideration. We find that it is and affirm.

Sometime after April 28, 1968 and before August 28, 1969[1] Wasoff filed a complaint in the United States District Court against American seeking to recover $10,714.42 under a homeowners policy for damages to his home and furnishings as a result of a severe hailstorm on April 28, 1969. The only apparent ground for recovery was that the policy covered the loss described and that the parties had been "unable to agree on the amount of damages."

On August 28, 1969 counsel for Wasoff requested and was granted permission by the district court to withdraw as attorney for Wasoff. In its order of that same day the court directed the clerk to notify Wasoff of the order and to further advise him "that unless new counsel for Plaintiff files an appearance herein within thirty (30) days from this date, an order dismissing this action for want of prosecution will be entered." On October 1, 1969 the district court entered a judgment dismissing Wasoff's complaint for want of prosecution because no counsel appeared for him within the time prescribed.[2]

On November 10, 1969 Wasoff filed a "new" action in the district court once alleging the right to recover from American for property damage to his home and furnishings incurred on April 28, 1968 from a hailstorm. The right to recover was alleged under the same insurance policy as was the prior action and the same ground of recovery was stated, "that the parties have been unable to agree on the amount of damages." The amount prayed for, $10,669.42, varied only by $45.00 from the original complaint.[3] In response to this complaint, on November 14, 1969 American filed a motion to dismiss on the ground that the prior judgment was res judicata as to this action. For reasons unknown to this court that motion was not ruled upon immediately and on February 10, 1971 Wasoff filed an amended complaint in which he claimed damages under the same insurance policy, to the same residence, and furnishings, resulting from the same hailstorm for the same amount ($10,669.42) of damages. The record reveals that the only difference in the prior complaint and the amended complaint was that the amended complaint alleged that the insurance policy contained a provision which required an appraisal as the means of establishing the amount of actual loss. The amended complaint further alleged that appraisers were appointed, that they conducted a hearing without notice to Wasoff, that Wasoff had information not otherwise available to the appraisers which would have significantly altered the award, that due to the "mistake, accident, insufficiency of material information, and failure of the appraisers to exercise honest judgment" Wasoff was not bound by the appraiser's award, and that "information was available to show a loss ten times greater

1. The complaint as it appears in the appendix is without a date. Neither party specifies the exact date of filing, nor was the clerk of this court able to provide the date, the record of the case apparently having been destroyed in a fire.

2. Following the initial dismissal of the plaintiff's complaint the plaintiff filed a motion for "Re-Instatement and/or New Trial" on October 15, 1969. The motion was apparently drafted with Rule 60(b) in mind. It appears as a part of the appendix in this case. The ruling of the trial court on the motion is not shown in the record before us nor is the motion mentioned in the briefs of the parties. We have now ascertained through the clerk's request to counsel that an amended motion for reinstatement under Rule 60(b) F.R.Civ.P. was filed with the district court on December 22, 1969. That motion was denied by the district court on September 17, 1970. On appeal the action of the district court denying the motion was affirmed under Local Rule 21. 441 F.2d 268 (5th Cir. 1971), cert. denied, 404 U.S. 911, 92 S.Ct. 227, 30 L.Ed.2d 184 (1971).

3. The difference probably arose from a typographical error. In the original complaint the cost attributed to "Cleaning rugs" was $161.16 and in the second action $116.16.

than the actual award." In his prayer for relief Wasoff asked that "the award of the appraisers be set aside and that he recover his damages and have such other and further relief at law and equity to which he may be entitled." On March 10, 1971 the district court dismissed the complaint on the ground of res judicata.

■ For a prior judgment to bar a subsequent action it is firmly established that the prior judgment must have been rendered by a court of competent jurisdiction, that there must have been a final judgment on the merits and that the same cause of action must be involved in both suits.[4] In this appeal the question of whether the first judgment was res judicata does not require an analysis of that principle beyond the issue of whether the same cause of action was involved in both suits, since the parties agree and we concur that the other two requirements necessary for application of the principle are met.

Although a variety of tests[5] have been used to determine whether two actions are based upon the same cause of action, this court held in Seaboard Coast Line Railroad Company v. Gulf Oil Corporation that:

> The principle test for comparing causes of action is whether or not the primary right and duty, and the delict or wrong are the same in each action.[6]

Although the Texas courts have been less explicit in the enunciation of a specified test, the results reached in res judicata cases in that state reveal that a similar test has been applied.[7] We apply the *Seaboard* test here.

Wasoff contends that the initial action was upon the contract while the present action is for "invalidation of the appraisal for fraud" and that the damages prayed for here are in the nature of exemplary damages. The complaint itself negates this argument. A comparison of the complaints clearly shows that both actions were brought under the same insurance policy, for damage to the same property from the same hailstorm and that in both instances almost identical damages were sought. The same right and the same wrong are involved in both actions—the right of Wasoff to recover under the insurance contract and the refusal of American to pay the amount demanded.

■ Under the rule of res judicata in both the federal courts and in Texas a judgment is final not only as to all matters which were decided but also as to all matters which might properly have been tried.[8] Wasoff has merely asserted a new theory of relief in his second suit. According to Wasoff the appraisal complained of occurred "on or about July 23, 1968." Final judgment in the original action was not rendered until

4. Baltimore S.S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069 (1927); Iselin v. C. W. Hunter Co., 173 F.2d 388, 391 (5th Cir. 1949); 1B Moore's Federal Practice ¶ 410 [1] at 1152 (1965); Restatement of Judgments § 48. See Abbott Lab. v. Gravis, 470 S.W.2d 639 (Tex.1971).

5. See 1B Moore's Federal Practice ¶ 410 [1] at 1157–58 (1965) (identity of subject matter, identity of transactions, identity of evidence, etc.).

6. Seaboard Coast Line RR. v. Gulf Oil Corp., 409 F.2d 879, 881 (5th Cir. 1969), accord, Baltimore S.S. Co. v. Phillips, 274 U.S. 316, 319, 47 S.Ct. 600, 71 L.Ed. 1069 (1927); Wood's Exploration & Producing Co. v. Aluminum Co. of America, 438 F.2d 1286, 1314 (5th Cir. 1971); Engelhardt v. Bell & Howell Co., 327 F.2d 30, 32 (8th Cir. 1964).

7. See Abbott Lab. v. Gravis, 470 S.W.2d 639 (Tex.1971); Cantu v. Bage, 467 S.W. 2d 680 (Tex.Civ.App.1971); Texas Employers Ins. Ass'n v. Rampy, 392 S.W. 2d 350 (Tex.1965); Sovereign Camp, WOW v. Helm, 94 S.W.2d 521 (Tex. Civ.App.1936).

8. Acree v. Air Line Pilots Ass'n, 390 F.2d 199, 203 (5th Cir.), cert. denied, 393 U.S. 852, 89 S.Ct. 88, 21 L.Ed.2d 122 (1968); Frazier v. East Baton Rouge Parish School Bd., 363 F.2d 861, 862 (5th Cir. 1966); Engelhardt v. Bell & Howell Co., 327 F.2d 30, 32 (8th Cir. 1964); Abbott Lab. v. Gravis, 470 S.W.2d 639 (Tex.1971); Texas Employer's Ins. Ass'n v. Rampy, 392 S.W.2d 350 (Tex.1965); 1B Moore's Federal Practice ¶ 410 [2] at 1163 (1965).

October 1, 1969. The appraisal theory could have been, with the "use of diligence",[9] litigated in the first suit.

In any event, since Wasoff's first action was dismissed for want of prosecution the judgment was clearly conclusive as to the single issue raised in his original complaint—whether American was liable under the policy. The judgment was adverse to Wasoff. Despite the "appraisal theory" smokescreen, Wasoff seeks in his second action to relitigate that issue. Res judicata bars him from doing so. All litigation must come to an end at some point. This is the fundamental foundation upon which the doctrine rests.[10]

■ For the foregoing reasons we find that both suits were upon the same cause of action. The other prerequisites for a finding of res judicata being present there was thus no error in the district court's order dismissing Wasoff's complaint on the ground of res judicata. We affirm that dismissal.

Affirmed.

---

9. Abbott Lab. v. Gravis, 470 S.W.2d 639, 642 (Tex.1971).

10. See Bennett v. Comm'r of Internal Revenue, 113 F.2d 837, 839–840 (5th Cir. 1940).