John Henry BROWN, Plaintiff-Appellant,

v.

Zollie COMPTON, Sheriff of Jefferson County, Defendant-Appellee.

No. 72–1804

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 25, 1972.

Rehearing and Rehearing En Banc Denied Sept. 11, 1972.

John Henry Brown, pro se.

Milton A. Carlton, Charles B. Merrill, Jr., Swainsboro, Ga., for defendant-appellee.

Before WISDOM, GODBOLD, AND RONEY, Circuit Judges.

PER CURIAM:

The single issue this appeal presents is whether the district court erred in refusing to allow the appellant leave to file a Civil Rights complaint *in forma pauperis* on the basis of the doctrine of *res judicata*. Believing that the court was correct in its action, we affirm the judgment below.

In the complaint which Brown attempted to file *in forma pauperis* below, he sought $75,000 damages from the Sheriff of Jefferson County, Georgia, in connection with his arrest for bank robbery in 1968. As grounds therefor, he alleged that he was kept in solitary confinement for three hours after his apprehension despite the fact that he had been wounded, and the hospital was next door to the jail. He further alleged that the sheriff refused to permit him to make a telephone call; and photographed him, fingerprinted him, and

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al., 5 Cir. 1970, 431 F.2d 409, Part I.

took him before witnesses without counsel present.

The district court summarily denied leave to file the petition *in forma pauperis* on the ground that the issues had already been litigated in a previous civil rights action, decided adversely to him in Brown v. Dye, Southern District of Georgia, Savannah Division, Civil Action No. 2593.

In our review of the ruling below, it is not appropriate for this Court to consider the soundness of the prior adjudication. Rather, the scope of our review is limited to the question of whether the district court was "clearly erroneous" in finding that the issues the appellant sought to litigate had been raised and decided in the previous action.

We have carefully examined the pleadings and records in both cases and conclude that the district court did not err in holding that the first judgment constitutes *res judicata* to this action, inasmuch as the parties to the actions, the subject matter, and the causes of action are substantially identical. Smith v. Lemon, 9th Cir. 1971, 442 F.2d 1195; Stewart v. Minnick, 9th Cir. 1969, 409 F.2d 826.

The judgment appealed from is affirmed.

Affirmed.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.