Sarah Ballard HALL,
Plaintiff-Appellant,

v.

TOWER LAND AND INVESTMENT
COMPANY, Defendant-Appellee.

No. 74–2490.

United States Court of Appeals,
Fifth Circuit.

May 2, 1975.

Fred Lohmeyer, Bryan, Tex., J. Ralph Howell, Jr., Dallas, Tex., Jack S. Dawson, Oklahoma City, Okl., Scott Bradley, Dallas, Tex., for plaintiff-appellant.

Hubert D. Johnson, H. Dee Johnson, Jr., Dallas, Tex., for defendant-appellee.

Before GEWIN, AINSWORTH and MORGAN, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

Appellant Sarah Ballard Hall brought this diversity action to establish her undivided one-half interest in a parcel of real property located in Dallas County, Texas, and to remove appellee Tower Land and Investment Company's claim against that interest. Finding her action barred by the principle of res judicata we vacate the judgment of the district court and remand with instructions to dismiss the action.

## I.

Coffee Cups, Inc., acquired title to the property in question in this suit from P.K. Taylor on or prior to November 8, 1963. On March 17, 1964, appellant's father, G.E. Hall, wrote a letter to Coffee Cups requesting that it acknowledge that Sarah Hall owned one-fourth of the stock of Coffee Cups, that Sarah Hall "advanced equity money" to purchase the property in question, and that such property was "owned one-half by Sarah B. Hall and one-half by F.C. Karr" but that the title was "carried in the name of 'Coffee Cup, Inc.'" The letter was "accepted" and signed by F.C. Karr for Coffee Cups.

In October of 1964, Coffee Cups contracted to sell the property to Tower. On October 30, 1964, G.E. Hall, individually and as "custodian" for the appellant, as well as Coffee Cups and F.C. Karr executed an instrument in which they acknowledge that Sarah Hall owned 25% of the stock of Coffee Cups. The instrument also noted that by "separate letter agreement," it was acknowledged that Sarah Hall owned one-half interest in the Dallas County property.

Tower signed a statement at the end of this instrument in which it agreed "the execution and delivery of the instrument by all parties whose signatures are called for" in the instrument and delivery of the stock in Coffee Cups from Sarah Hall to Karr were conditions precedent to Coffee Cups' obligations under the contract of sale of the real property. On the same date, G.E. Hall, individually and as "custodian" for Sarah Hall, executed a quitclaim deed on the property.

On November 4, 1964, Coffee Cups conveyed the property in question to Tower for $29,000 cash and subject to a $60,000 note secured by a lien on the property. Tower later paid the note and the lien was released.

At all times during the course of these transactions, Sarah Hall was a minor, and G.E. Hall, her father, had never been judicially appointed her guardian or custodian. Also, there is no evidence that record title to the property in question had ever been in the name of G.E. Hall prior to its conveyance to Tower.

On August 16, 1972, Sarah B. Hall filed suit against Tower and its president, R.B. Payne, seeking to establish a trust of record undertaken by Tower for her benefit. Sarah Hall alleged that she and Karr had agreed to convey their interest in the Dallas County property to Tower, that Tower would manage the property for the benefit of all three parties, and that Sarah Hall would receive one-half of the revenues from the property in excess of Tower's investment. Hall further claimed that Tower had fraudulently repudiated this agreement and she was now seeking a judgment of ownership in the property and an award of one-half of the revenues from the property. Alternatively, Hall alleged that she was a minor at the time of these events and the court should therefore void the relevant contracts and instruments purportedly made by her during her infancy and cancel any instruments clouding her title to the property.

On September 12, 1972, Tower and Payne moved to dismiss Hall's complaint against them pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, alleging that it failed to state a claim upon which relief could be granted. On January 22, 1973, the district judge granted Tower's motion, but he did not indicate whether his order was "with prejudice" or "without prejudice." This judgment was never appealed.

On January 19, 1973, after a conference between the trial judge and the parties, but before the announcement of judgment on the first complaint, Sarah Hall filed a new complaint against Tower. This complaint was subsequently amended on July 3, 1973. It sought to void instruments purportedly made on Sarah Hall's behalf during her infancy and to remove the instruments which cloud her title to an undivided one-half interest in the property. In this complaint Sarah Hall alleged that she was a minor when her interests in the property were purportedly conveyed by G.E. Hall, that he did not have legal capacity to so

act, and that Tower knew of Sarah Hall's interest and G.E. Hall's lack of capacity when it acquired the property.

In answer, Tower pleaded, inter alia, that the prior judgment operated as a res judicata in the instant case. The district judge did not directly rule on the res judicata question, but instead held that Sarah Hall failed to establish a legal or equitable interest in the property.

## II.

■ We hold that Sarah Hall's subsequent suit was barred by the principle of res judicata. For a prior judgment to bar an action on the basis of res judicata, the prior judgment must have been rendered by a court of competent jurisdiction, there must have been a final judgment on the merits, and the same cause of action must be involved in both cases. *See* Wasoff v. American Automobile Ins. Co., 451 F.2d 767, 769 (5th Cir. 1971). Neither party disputes the fact that the district court was a court of competent jurisdiction.

■ Likewise, the judgment rendered on Sarah Hall's first complaint was a judgment on the merits. Federal Rule of Civil Procedure 41(b) states, in relevant part:

Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for under this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication on the merits.

The trial court's dismissal of Hall's first complaint under Fed.R.Civ.P. 12(b) falls directly under the wording of Rule 41(b), and cases have held that such decisions operate as adjudications on the merits. *See* Glick v. Ballentine Produce, Inc., 397 F.2d 590, 593 (8th Cir. 1968), and cases cited therein. Moreover, this Circuit has held that granting defendant's motion to dismiss for plaintiff's failure to state a claim upon which relief can be granted operates as an adjudication on the merits, and the appellate court will not go

behind the order to determine precisely which issues the trial court decided. *See* Weissinger v. United States, 423 F.2d 795 (5th Cir. 1970) (en banc).

■ Finally, we hold that both of Hall's complaints were based upon the same cause of action. In so determining we adopt the test frequently applied in this Circuit for ascertaining whether two complaints are based upon the same cause of action; if the primary right and duty and the delict or wrong are the same in each action, the cause of action is the same. *See* Wasoff v. American Automobile Ins. Co., 451 F.2d 767, 769 (5th Cir. 1971); Seaboard Coast Line Railroad Co. v. Gulf Oil Corp., 409 F.2d 879, 881 (5th Cir. 1969).

The alternative pleading in Hall's first complaint and her second complaint are virtually identical; both actions were brought against the same party seeking the same remedy in regard to the same property. In short, the same alleged right and wrong were involved in both actions—the right of Sarah Hall to possession of the Dallas County property and the refusal of Tower to assent to her demands. *Cf.* Wasoff v. American Automobile Ins. Co., 451 F.2d 767, 769 (5th Cir. 1971); *see also* Brown v. Compton, 466 F.2d 1384, 1385 (5th Cir. 1972).

■ Even if Hall had pleaded only the trust theory of recovery in her first complaint, res judicata would still prohibit relitigation of her claim on a quiet title theory in a subsequent complaint, for in both federal courts and Texas state courts a judgment is final not only as to all matters which were decided but also as to all matters which might have been tried. Wasoff v. American Automobile Ins. Co., 451 F.2d 767, 769 (5th Cir. 1971); Acree v. Air Line Pilots Assn., 390 F.2d 199, 202–203 (5th Cir. 1968), cert. denied 393 U.S. 852, 89 S.Ct. 88, 21 L.Ed.2d 122 (1968).

Since all requirements for the application of res judicata are satisfied, the dismissal of Hall's first complaint is conclusive as to any other action or proceeding involving the same cause of action. *See* 1B J. Moore, Federal Practice ¶ 0.465[3]

484

(2d ed. 1974). Hall's second complaint should therefore have been dismissed by the district court.

The judgment of the district court is vacated and we remand the case with instructions to dismiss the plaintiff's complaint on the basis of res judicata.