944 F.2d 901
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Shirley HEMPHILL, Plaintiff-Appellant,
v.
Alex BEASLEY, Sheriff, Transylvania County, Brevard, North
Carolina, Defendant-Appellee.
 No. 90-6928.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 28, 1991.
Decided Sept. 30, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (CA-90-634-CRT)
 Shirley Hemphill, appellant pro se.
 E.D.N.C.
 AFFIRMED.
 Before WILKINSON and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Shirley Hemphill, an inmate in North Carolina, filed a complaint under 42 U.S.C. § 1983, alleging that the Transylvania County sheriff went into her house without a warrant, broke into her bedroom, and took over $10,000 without giving a receipt. The district court dismissed the complaint pursuant to 28 U.S.C. § 1915(d) concluding that it was frivolous. Hemphill, without appealing the first dismissal, filed this action raising essentially the same claim. The district court dismissed the second complaint, again as frivolous, with reference to its holding in the first case. Hemphill now appeals the dismissal of her second complaint. For the reasons set forth below, we affirm the decision of the district court.
 
 
 2
 The test for determining whether a complaint is frivolous within the meaning of 28 U.S.C. § 1915(d) is whether "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319 (1989). The facts alleged by Hemphill--a warrantless entry into her house and the confiscation of her property--could, if proved, state a valid fourth amendment claim. Thus, the claim does not lack an arguable basis in law or in fact. The absence of proof does not militate in favor of dismissal with prejudice before allowing the pro se plaintiff an opportunity to supplement her complaint. Id.
 
 
 3
 Although the district court erred when it dismissed the claim as frivolous, we affirm the dismissal based on the principle of res judicata. The plaintiff, having previously filed the same cause of action against the same defendant with an adjudication on the merits, is barred from relitigating the claim. See Brooks v. The Arlington Hosp. Assoc., 850 F.2d 191, 195 (4th Cir.1988).
 
 
 4
 Although a decision to dismiss with or without prejudice under § 1915(d) is within the discretion of the district court, see White v. White, 886 F.2d 721, 723 (4th Cir.1989), the district court did not indicate whether it intended its decision in the first action to act as one on the merits. We find, however, that it was, because "[u]nless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision [involuntary dismissal] ... other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." Fed.R.Civ.P. 41(b). Cf. Hall v. Tower Land & Inv. Co., 512 F.2d 481 (5th Cir.1975) (where district court failed to specify, dismissal pursuant to Fed.R.Civ.P. 12(b)(6) was with prejudice); Rinehart v. Locke, 454 F.2d 313 (7th Cir.1971) (same). Therefore, the first dismissal should be given res judicata effect.
 
 
 5
 Since Hemphill was barred from bringing her second claim, this appeal is without merit. The decision of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.