[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12973
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-23060-KMW


GRACE SOLIS,

Plaintiff-Appellant,

versus

GLOBAL ACCEPTANCE CREDIT COMPANY, L.P.,
a foreign entity not authorized to do business in Florida,
HAYT, HAYT & LANDAU, P.L.,
a corporation,
JASON SCOTT DRAGUTSKY,
DANA MICHELLE STERN,
ROBERT J. OROVITZ,
individually,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 28, 2015)

Before TJOFLAT, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Grace Solis, proceeding *pro se*, appeals the district court's dismissal of her complaint, which alleged violations of various federal and state consumer-protection laws, and the denial of her motion for leave to amend. The district court determined that Solis's claims against the same parties had previously been adjudicated on the merits, so it dismissed the complaint as barred by the doctrine of *res judicata*. Solis argues that *res judicata* does not apply because no final adjudication on the merits occurred in the previous action and because the instant complaint was based on newly discovered facts and did not raise the same causes of action. The district court also should have allowed her to amend her complaint, she asserts, because she is a *pro se* party whose pleadings are liberally construed. After careful consideration, and for the reasons explained below, we affirm.

**I.**

Solis filed two consumer-protection suits in the United States District Court for the Southern District of Florida against defendants Global Acceptance Credit Company, L.P. ("Global"); and the law firm of Hayt, Hayt & Landau, P.L., and several of its attorneys, Jason Dragutsky, Dana Stern, and Robert Orovitz (collectively "Hayt"). Solis filed the first action *pro se* in March 2012 ("*Solis I*").

2

She filed the second action through counsel in August 2013 ("*Solis II*"). The propriety of the dismissal of *Solis II* is the subject of his appeal.

The relevant allegations from the complaint in *Solis I* are as follows. On February 2, 2011, Solis received a telephone call about a debt from a Global representative. In response, Solis sent Global a debt-validation letter, requesting documentation proving the authenticity and amount of the alleged debt. She also requested that Global have the disputed debt removed from her credit report. According to the complaint, Global did not provide Solis all of the documents she requested, conduct an adequate investigation of the debt, or ask the credit-reporting agencies to delete the disputed debt from Solis's report. Then, Global hired Hayt to pursue the debt, and Hayt called Solis multiple times to collect the debt. On September 7, 2011, Solis sent a debt-validation letter to Hayt, but, the complaint avers, Hayt did not provide Solis with the documents she requested. Later in September 2011, Solis received notice that Hayt had filed suit on the debt against her in state court. According to Solis, she did not have an account with or owe a debt to Global.

Based on these allegations, Solis stated four counts. Count I alleged that Global and Hayt violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, by making false representations about the debt and continuing to pursue a disputed debt through harassing phone calls and the state

3

suit.   Count II asserted that Global and Hayt violated the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.72, by disclosing a disputed debt to the credit bureaus.  Count III alleged that Global violated the Federal Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, by knowingly furnishing inaccurate information to the credit bureaus.  Finally, Count IV claimed that the defendants violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b), by using an automated telephone-dialing system to call and harass Solis.

The district court in *Solis I* granted the defendants' motions to dismiss for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P.  The court also denied Solis leave to amend her complaint, stating,

> Plaintiff has been given the opportunity to amend her complaint and correct the deficiencies following the filing of Defendants' Motions to Dismiss. The First Amended Complaint has proffered nothing to convince me that an additional attempt would cure the deficiencies. *See Jemison v. Mitchell*, 380 F. App'x 904, 907 (11th Cir. 2010) ("Dismissal with prejudice is proper, however, . . . if a more carefully drafted complaint could not state a valid claim.").

Thus, on November 30, 2012, the court dismissed the action for failure to state a claim, denied all pending motions as moot, and directed the Clerk to close the case.

In December 2012, Solis moved to reconsider the judgment and requested permission to file a second amended complaint.  Later, Solis filed a "Motion for

4

Voluntary Dismissal Without Prejudice."   The court denied both motions on August 28, 2013.

Solis did not appeal the dismissal of *Solis I*.  Instead, on August 26, 2013, two days before the district court's final order in that case, Solis filed with the assistance of counsel a new complaint—the subject of this appeal—against the same defendants.  In it, Solis acknowledges that she previously sued the same defendants and that the "[c]ourt dismissed Plaintiff's complaint on November 30, 2012."

The new complaint's factual allegations largely mirror the complaint in *Solis I*.  Namely, the complaint recounts that Global called Solis about a disputed debt on February 2, 2011, failed to provide her with documentation of the debt's authenticity in response to her debt-validation letter, improperly reported the disputed debt to credit-reporting agencies, and then, to collect the debt, retained Hayt, which also failed to validate the debt in response to Solis's request, used an automatic telephone-dialing system to call Solis's cell phone about the debt, and then filed suit in state court against Solis on Global's behalf.  Based on these allegations, Solis again asserted various violations of the FDCPA, the FCCPA, the FCRA, and the TCPA.

The defendants moved to dismiss the complaint in *Solis II* as barred by the doctrine of *res judicata*, pursuant to Rule 12(b)(6), asserting that Solis's claims had

already been decided in *Solis I*.  Global attached to its motion Solis's amended complaint and the district court's dismissal order in *Solis I*, among other exhibits.  Solis's counsel moved to withdraw shortly after the first motion to dismiss was filed.

In a *pro se* response to the motions to dismiss, Solis argued that the prior case had not been dismissed with prejudice and that the new complaint remedied the deficiencies identified by the district court in *Solis I*.  Because of her pleading errors, Solis contended, the court never addressed the merits of her claims in *Solis I*.  Solis also stated that the new complaint contained additional facts, learned during discovery in the original action, which were not included in the original complaint.

In June 2014, the district court in *Solis II* granted the motions to dismiss, dismissed the complaint as barred by *res judicata*, and denied Solis leave to amend.  Solis now brings this appeal.

## II.

We review *de novo* the grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P.  *Leib v. Hillsborough Cnty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1305 (11th Cir. 2009).  We likewise review *de novo* the district court's application of *res judicata*.  *Griswold v. Cnty. of Hillsborough*, 598 F.3d 1289, 1292 (11th Cir. 2010).

6

### III.

"The doctrine of *res judicata*, or claim preclusion, bars the parties to an action from litigating claims that were or could have been litigated in a prior action between the same parties." *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 892 (11th Cir.), *cert. denied*, 134 S. Ct. 61 (2013); *see Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S. Ct. 2424, 2428 (1981). The party invoking *res judicata* must establish the following four elements: "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action." *Lobo*, 704 F.3d at 892.[1] Here, Solis does not dispute that the prior decision was rendered by a court of competent jurisdiction or that both cases involved the same parties. We therefore focus on whether the prior action was a final judgment on the merits and whether the cases involve the same causes of action.

Solis first contends that *res judicata* does not apply because *Solis I* was not finally disposed of on the merits. We disagree. The district court's November 30, 2012, order in *Solis I* was a final judgment on the merits because the order was a Rule 12(b)(6) dismissal with prejudice. *Id.* at 893; *see Citibank, N.A. v. Data*

---

[1] We apply federal preclusion principles to the prior decision in *Solis I* because it was rendered by a federal court in a case within its federal-question jurisdiction. *E.E.O.C. v. Pemco Aeroplex, Inc.*, 383 F.3d 1280, 1285 (11th Cir. 2004); *CSX Transp., Inc. v. Bhd. of Maint. of Way Emps.*, 327 F.3d 1209, 1316 (11th Cir. 2003).

*Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990) ("[D]ismissal of a complaint with prejudice satisfies the requirement that there be a final judgment on the merits."). The court's intent to dismiss the action on the merits and with prejudice is shown by its denial of leave to amend based on futility. *See, e.g.*, *Lobo*, 704 F.3d at 891 ("To determine whether a complaint states a federal cause of action is a merits question."); *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*).

In any case, even if some ambiguity existed in the court's order as to whether the dismissal was with or without prejudice, the Supreme Court has flatly stated that "[t]he dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'" *Nat'l Ass'n for the Advancement of Colored People (NAACP) v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990) (quoting *Moitie*, 452 U.S. at 399 n.3, 101 S. Ct. at 2428 n.3); *see Hall v. Tower Land & Inv. Co.*, 512 F.2d 481, 483 (5th Cir. 1975) ("[G]ranting defendant's motion to dismiss for plaintiff's failure to state a claim upon which relief can be granted operates as an adjudication on the merits . . . .").

8

Accordingly, the district court's dismissal of the complaint in *Solis I* for failure to state a claim operated as a final judgment on the merits for *res judicata* purposes.

Nor did the court err in dismissing the complaint on the basis of *res judicata* at the motion-to-dismiss stage. Although *res judicata* is not a defense under Rule 12(b), and generally should be raised as an affirmative defense under Rule 8(c), Fed. R. Civ. P., it may be raised in a Rule 12(b)(6) motion where the existence of the defense can be determined from the face of the complaint. *Concordia v. Bendekovic*, 693 F.2d 1073, 1075 (11th Cir. 1982). Here, it was clear on the face of the complaint that Solis had filed a recent action against the same defendants that was dismissed by the district court. And the district court properly considered its own records in resolving the defendants' motion to dismiss. *See* Fed. R. Evid. 201(d) ("The court may take judicial notice at any stage of the proceeding"); *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

Solis also contends that *res judicata* does not apply because *Solis II* does not involve the same causes of action as *Solis I*. The complaint is different, Solis asserts, because she added new factual allegations and altered several of her legal claims.

The problem for Solis is that "[r]es judicata applies not only to the exact legal theories advanced in the prior case, but to all legal theories and claims arising

out of the same nucleus of operative facts." *Wesch v. Folsom*, 6 F.3d 1465, 1471 (11th Cir. 1993). "[I]f a case arises out of the same nucleus of operative facts, or is based upon the same factual predicate, as a former action, . . . the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." *Griswold*, 598 F.3d at 1293 (quotation marks omitted). To determine whether the two cases arose from the same "nucleus of operative facts," we ask whether the underlying core of facts is the same in both cases, such that the present claim could have been effectively litigated with the prior one. *Kaiser Aerospace & Elec. Corp. v. Teledyne Indus., Inc. (In re Piper Aircraft Corp.)*, 244 F.3d 1289, 1301 (11th Cir. 2001). If the claim in the new suit was or could have been raised in the prior action, *res judicata* applies. *Id.* at 1296.

Here, *Solis I* and *Solis II* arose from the same nucleus of operative fact as the first action. While the allegations in *Solis II* are more detailed, the complaints in both cases contain nearly identical factual allegations concerning the defendants' attempts to collect a disputed and allegedly non-existent debt from Solis, their interactions with credit reporting agencies, and Solis's attempts to validate the debt. Because the underlying core of facts is the same in both cases, Solis could have effectively litigated her new or altered *Solis II* claims with her claims in *Solis I. See In re Piper Aircraft Corp.*, 244 F.3d at 1301. *Solis II* therefore arose from the same "nucleus of operative facts" as *Solis I*, and, as a result, both cases were

10

based on the "same causes of action" for purposes of *res judicata*. *See Lobo*, 704 F.3d at 892; *Griswold*, 598 F.3d at 1293.

In sum, all four elements of *res judicata* are satisfied with respect to Solis's claims against the defendants, and the district court properly found that *Solis II* was barred by *res judicata*. For that reason, the court also did not err in denying leave to amend because further amendment with respect to the same factual circumstances would not evade the *res judicata* bar.

In this regard, we stress that our review is limited and does not extend to whether Solis should have been permitted leave to amend in *Solis I*, a decision that Solis did not appeal. The sole question we answer in this appeal—whether *Solis II* is barred by *res judicata*—is unaffected by any errors in the underlying, unappealed first case. *Moitie*, 452 U.S. at 398, 101 S. Ct. at 2428 ("Nor are the res judicata consequences of a final, unappealed judgment on the merits altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case."). Even if *Solis I* were wrongly decided— a conclusion that we have no occasion to reach in this case, Solis cannot correct the error "by bringing another action upon the same cause [of action]." *Jaffree v. Wallace*, 837 F.2d 1461, 1467 (11th Cir. 1988) (quotation marks omitted).

11

## IV.

In short, we affirm the dismissal of Solis's complaint as barred by the doctrine of *res judicata*, and we affirm the denial of leave to amend.

**AFFIRMED.**