IN RE: Cathryn LAFAYETTE, Debtor.

Cathryn Lafayette, Plaintiff,

v.

Ocwen Mortgage Servicing and Enclave @ Lakewood Estates, HOA, Defendants.

CASE NO. 16–65688–PMB
ADVERSARY PROCEEDING
NO. 16–5224

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Signed December 15, 2016

Filed December 16, 2016

Cathryn Lafayette, pro se.

Matthew R. Brooks, Mark J. Windham, Troutman Sanders LLP, Atlanta, GA, for Ocwen Mortgage Servicing.

Enclave @ Lakewood Estates HOA, pro se.

## ORDER ON PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Paul Baisier, U.S. Bankruptcy Court Judge

Before the Court are several matters as follows:

1. *Motion for Default Judgment* filed on October 18, 2016 by Plaintiff–Debtor named above, who is *pro se* (the "Debtor"), against Defendant Enclave@Lakewood Estates, HOA, *et al.* ("Enclave") (Docket No. 9) and *Motion for Default Judgment* against Defendant Ocwen Loan Servicing, *et al.* ("Ocwen") (Docket No. 10) (collectively, the "Motion"), regarding the allegations in the Debtor's *Complaint to the Courts disputing the debt of Ocwen Mortgage Servicer and Enclave@Lakewood Estates HOA* filed on September 16, 2016 (Docket No. 1) (the "Complaint"), as amended on September 20, 2016 (Docket No. 3) (the "Amended Complaint"). Defendant Ocwen filed a *Response to Plaintiff's Motion for Default Judgment* on November 1, 2016 (Docket No. 14) (the "Response") contesting the requested relief.[1] In turn, the Debtor filed a *Response to Defendant Ocwen's Response to Plaintiff's Motion for Default Judgment* on November 30, 2016 (Docket No. 19) (the "Debtor's Response to Ocwen").

2. *Motion to Dismiss Plaintiff's Amended Complaint* filed by Defendant Ocwen on October 17, 2016 (Docket No. 8) (the "Motion to Dismiss"). The Debtor filed a reply titled as an *Answer* on November 1, 2016 (Docket No. 15) (the "Debtor's Reply"). Ocwen filed a Reply Brief in Support of its Motion to Dismiss on November 16, 2016 (Docket No. 18) (the "Reply Brief in Support"). The Debtor thereafter filed a *Memorandum in Support To Reply To The Response of Ocwen To Dismiss Default Judgment* on December 2, 2016 (Docket No. 21) (the "Debtor's Memorandum in Support").

For the following reasons, the Debtor's Motions will be denied and the Motion to Dismiss filed by Ocwen will be granted.

In the Motions, the Debtor asserts that each Defendant has failed to file a timely answer or defensive pleading within thirty (30) days of service of the summons and complaint, and that she is, therefore, entitled to judgment on the pleadings as a matter of law. Ocwen responds that it timely filed the Motion to Dismiss, and further notes that the Debtor has not yet obtained an entry of default as a necessary precondition to obtaining a judgment by default.[2] In addition, Ocwen argues that the Debtor has not properly served it with

---

1. Defendant Enclave has not responded to the Motion against it. Ocwen states that the Debtor has incorrectly named it in the Complaint, and that its proper name is Ocwen Loan Servicing, LLC.

2. Moreover, as discussed below in connection with the Motion to Dismiss, consideration of a default judgment would involve examination of the legal sufficiency of the Debtor's allegations, which Ocwen contends are not plausible on their face.

the summons and copy of the complaint, nor has the Debtor adequately furnished proof of such service on the record.

As revealed by the docket, the Debtor filed the Complaint on September 16, 2016 and the Amended Complaint on September 20, 2016. The Clerk issued a summons on September 16, 2016. After entry of a notice of deficiency, the Debtor filed two certificates of service (Docket Nos. 6 & 7), each bearing a separate FedEx tracking number, stating that service was made on September 22, 2016. Other than checking the box for an "Insured Depository Institution" on both forms, no identifying information was provided in these certificates regarding the intended recipients. As noted above, Ocwen's response to the Complaint in the form of its Motion to Dismiss was filed on October 17, 2016.

 Under Rule 7004(a)(1) of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 4(*l*) of the Federal Rules of Civil Procedure, proof of service must be made by affidavit or certificate of service setting forth in detail not only the manner of service, a description of what documents were served, and on what date service was made, but must also name the persons or entities who were the designated recipients and at what address they were served. *See also* BLR 7005–1 (N.D.Ga.); *In re Taylor*, 2007 Bankr. LEXIS 1568 (Bankr. N.D.Ga. Mar. 7,

2007). The Debtor's filed certificates fail to identify any specific person, entity, or corporate officer as the receiving party and where the documents were actually delivered. Absent certification of such information, the Debtor has not provided proper evidence of perfected service on either Ocwen or Enclave as defendants in this adversary proceeding.[3] Entry of default judgment as requested by the Debtor, therefore, is not appropriate. *See Darden Rests., Inc. v. Wilson–Hall*, 2012 U.S. Dist. LEXIS 151795 *7, 2012 WL 5287031 *3 (N.D.Ga. Oct. 22, 2012); *see also* Fed. R.Civ.P. 55(a) & (b), applicable herein by Fed.R.Bankr.P. 7055.

 In addition, Fed.R.Bankr.P. 7012(a) provides that when a complaint is duly served, an answer shall be served within 30 days following issuance of the summons. Under Rule 15(a)(3), Fed.R.Civ. P., applicable herein by and through Fed. R.Bankr.P. 7015, a response to an amended pleading "must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Here, the Court finds that Ocwen has timely responded to the Complaint since it served its Motion to Dismiss within thirty days after issuance of the summons, and the Motion as to Ocwen is also denied for this reason.[4]

3. Although proof of service does not affect the validity of service, a party must still furnish such proof in the proper format. In the Debtor's Response to Ocwen, the Debtor also argues that because Ocwen and Lend America, the entity from whom the Debtor originally obtained the mortgage loan, are sufficiently related, service upon the latter constitutes service on the former. (The Debtor filed an Amendment to Complaint seeking to add Lend America on November 30, 2016 (Docket No. 20), and filed a Certificate of Service stating that a summons and complaint were served on Lend America Mortgage on December 2, 2016 (Docket No. 23)). Even if Ocwen

and Lend America have a business relationship, there is no evidence in the record establishing that they are the same entity for purposes of service, or that they are not in fact distinct corporations.

4. As stated above, the summons was issued on September 16, 2016. The thirty-day period to file an answer or responsive pleading ended on October 16, 2016. Since this day was a Sunday, however, under the rules that period is extended to the next day of October 17, 2016—the date on which Ocwen served its Motion to Dismiss. *See* Fed.R.Bankr.P. 9006(a)(1)(C). If the Debtor served a copy of

Next, with respect to the Motion to Dismiss, Ocwen seeks a dismissal of the Complaint on grounds that it does not contain sufficient facts to state a plausible claim for relief against it in accordance with Fed.R.Civ.P. 12(b)(6), applicable herein by Fed.R.Bankr.P. 7012(b). Ocwen's arguments also include that: (1) personal jurisdiction is lacking due to failure of proper service (*see* Fed.R.Civ.P. 12(b)(2) & (5), applicable herein by Fed.R.Bankr.P. 7012);[5] (2) Ocwen is not named in the Amended Complaint, which supersedes the Complaint, and thus is no longer a party;[6] and, (3) the claims asserted by the Debtor are, in any event, barred by *res judicata.*[7]

■ Under Rule 12(b)(6), a dismissal should be granted if a complaint fails "to state a claim upon which relief can be granted." This Rule is read in conjunction with Rule 8(a), which requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed.R.Civ.P. 8(a)(2), and Fed.R.Bankr.P. 7008. Under this standard, "to survive a motion to dismiss, a complaint must now contain factual allegations that are 'enough to raise a right to relief above the speculative level.'"[8] In considering a motion to dismiss, the Court limits its inquiry to the legal feasibility of the complaint and whether it contains facts and not just labels or conclusory statements. In addition, under Rule 9(b), fraud must be pled with particularity and even though intent may be alleged generally, facts regarding the time, place, and content of any alleged misrepresentations should be presented. *United States v. Baxter Intern., Inc.*, 345 F.3d 866, 883 (11th Cir. 2003); *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1370–71 (11th Cir. 1997).

■ Ocwen states that it is the current servicer of a certain mortgage loan obtained by the Debtor in 2008 from Lend America. The subject loan is secured by residential real property located at 440 Milton Drive, Covington, Georgia 30016,

the Amended Complaint on September 22, 2016, fourteen days later would be October 6, 2016 under F.R.C.P. 15(a)(3); thus, the later date of October 17 controls. In addition, the argument asserted in the Debtor's Memorandum in Support that Ocwen's motion to dismiss is not a sufficiently responsive defensive pleading because it must file an answer is without merit. As stated in Rule 12(b), applicable through F.R.B.P. 7012(b), a party may assert certain defenses by motion that is filed prior to the filing of the answer or responsive pleading. *See also* F.R.B.P. 7012(a).

5. Ocwen's argument regarding insufficient service of process is addressed above. Based on this finding, the Court concludes that the Debtor has not yet adequately established a basis for personal jurisdiction over Ocwen herein.

6. Reviewing the Amended Complaint filed on September 20, 2016, the Court acknowledges that it could be construed as naming only Enclave as a party defendant. On closer examination, however, this pleading contains an assortment of various causes of actions and allegations, some apparently having been cut and pasted from other documents. On page 20 of 64, this document appears to contain an Amended Complaint naming Ocwen and other lending institutions. *See* Docket No. 3.

7. In the Reply Brief in Support, Ocwen also urges dismissal based on the entry of an Order dismissing the underlying Chapter 13 case on November 7, 2016 (Main Case Docket No. 29). As acknowledged by Ocwen, however, the Court maintains discretion in retaining subject matter jurisdiction over this Adversary Proceeding.

8. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007), quoted in *Berry v. Budget Rent A Car Systems, Inc.,* 497 F.Supp.2d 1361, 1364 (S.D.Fla. 2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *American Dental Ass'n v. Cigna Corp.,* 605 F.3d 1283, 1290 (11th Cir. 2010).

and according to Ocwen the underlying security deed was properly assigned to GMAC Mortgage, LLC in October of 2010 and recorded on October 14, 2011. The Debtor defaulted on the loan in 2009 and the loan servicer initiated foreclosure. Ocwen cites this Adversary Proceeding as part of the Debtor's ongoing attempt to avoid her contractual obligations under her loan documents and security deed as she has filed several law suits challenging foreclosure, each of which has been dismissed.[9] Ocwen asserts that the Complaint herein contains baseless, nonsensical allegations and constitutes a "shotgun pleading" averring a jumble of irrelevant factual claims and legal conclusions. Further, Ocwen contends the Debtor's allegations improperly place the burden on Ocwen to sift through the numerous pages of her pleadings, consisting of assertions, recitations, and accusations along with copies of various collected documentation, to ascertain what they mean, how they are related, and what specific wrongdoing the Debtor is alleging

Ocwen committed that entitles the Debtor to relief. Without such basis or clarity, Ocwen states it is unable to prepare a proper response.

In the Complaint, it appears that the Debtor is disputing Ocwen's status as her lender, describing it instead as a "debt collector," and insists Ocwen cannot foreclose on the subject property because it does not hold a valid lien. Further, the Debtor alleges Ocwen and others harmed her through its "negligent, fraudulent and unlawful conduct concerning a residential mortgage loan transaction and impending foreclosure action." Amended Complaint, ¶ 1, p. 20 (Docket No. 3). In the Debtor's Reply to the Motion to Dismiss, the Debtor offers only general denials to Ocwen's assertions. The Debtor also sets forth additional allegations of Ocwen's fraudulent efforts to "jeopardize the interest" she claims in the subject property through its foreclosure and by submitting title documents to the FHA stating that "all liens were cleared."[10]

9. *See* Final Report and Recommendation (Doc. 2) and Order (Doc. 6), *Cathryn Lafayette v. Wells Fargo Bank, N.A., et al.*, Case No. 1:15–CV–01223–TWT–GGB (N.D.Ga. June 22, 2015) (dismissed as frivolous, for failure to state a claim, and based on *res judicata*) (copy attached as Exhibit "C" to the Motion to Dismiss herein); *see also* Complaint for Emergency Injunctive and Declaratory Relief and To Stay Foreclosure Sale (Doc. 1), *Cathryn Lafayette v. GMAC/Ally Financial, et al.*, Case No. 1:12–CV–01865–TWT (dismissed as frivolous); Complaint for Quiet Title to Real Property (Doc. 1), *Cathryn Lafayette v. GMAC Mortgage, LLC, Ocwen Loan Servicing, LLC, and McCurdy & Candler, LLC*, Case No. 1:13–CV–3987–TWT (dismissed on Rule 12(b)(6) motions).

10. In its Reply Brief in Support herein, Ocwen argues that the Debtor improperly attempts to raise new allegations and amend the Complaint through the Debtor's Reply to its Motion to Dismiss regarding its alleged filing of fraudulent and forged assignments along with certain alleged representations by

the Federal Housing Administration concerning the foreclosure. *See Luster v. Investors One Corp.*, 2016 WL 5339353, at *, 2016 U.S.Dist. LEXIS 137892, at *28 (N.D.Ga. Jan. 15, 2016), Report and Recommendation Adopted by, Dismissed by, In Part, Dismissed Without Prejudice by, In Part, Sanctions Disallowed by, *Luster v. Investors One Corp.*, 2016 U.S.Dist. LEXIS 137887, 2016 WL 5339735 (N.D.Ga. Feb. 4, 2016). Among other things, the Debtor alleges that Ocwen submitted a "fraudulent title to FHA." The Debtor further alleges that the FHA Director informed Ocwen it did not hold a valid lien, FHA would not foreclose, and it was "giving the house" to the Debtor. *See* Debtor's Reply, Docket No. 15. The Debtor filed a Proof of Service of Subpoena on the HUD/FHA Director on November 7, 2016 regarding the production of documents. Docket No. 17. The Court observes that the Debtor did cite the FHA in the Complaint. Ocwen further contends these new allegations must be dismissed on grounds including that the Debtor fails to allege claims of fraud against it with sufficient particularity as required under F.R.C.P. 9(b),

Based upon a review of the pleadings filed in this matter and the cited authority, and construing the allegations most favorably to the Debtor, the Court finds that the Complaint does not provide fair notice regarding the essence of her claim against Ocwen and the factual and legal basis that supports it consistent with Fed.R.Civ.P. 8(a)(2). Similarly, under Fed.R.Civ.P. 12(b)(6), as pled the Debtor's allegations assert conclusions and are not sufficient on their face "to raise a right to relief above the speculative level" of possibility, and show that her claim is plausible as presented. *See Twombly, supra,* 550 U.S. at 555, 570, 127 S.Ct. 1955, cited in *Ashcroft, supra,* 556 U.S. at 678, 129 S.Ct. 1937. Moreover, as discussed above, allegations of fraud must comply with the stricter pleading requirements of Fed.R.Civ.P. 9(b), both of which the Complaint and Amended Complaint fail to do with respect to Ocwen. *See In re Farmery,* 2014 Bankr. LEXIS 2865, 2014 WL 2986630 (Bankr. N.D.Ga. April 11, 2014).

▮▮▮▮ In addition, upon review of the district court cases cited by Ocwen, it appears that other courts have been confronted with and dismissed claims by the Debtor similar to the claims that the Debtor has asserted here.[11] As stated by Ocwen, this proceeding is the fourth law suit initiated by the Debtor with respect to a foreclosure on the subject property in connection with her residential mortgage. In fact, as Ocwen notes, it appears that the Debtor has even included portions of her dismissed complaint from *Lafayette v. Wells Fargo Bank,* Case No. 1:15–CV–01223–TWT in her Amended Complaint, as those pages bear the case number stamp from that action across the top margin.

▮▮▮▮ Under the doctrine of *res judicata,* the filing of claims that either were raised or could have been raised in prior litigation may be barred to protect a party's adversaries from the burden and expense of defending multiple suits on the same claims. In accordance with case precedent in this circuit, a claim will be barred based on prior litigation when: (1) a final judgment has been entered on the merits of the claim;[12] (2) the court rendering the decision had competent jurisdiction; (3) the parties in both suits, or those in privity with them, are the same; and (4) the cause of action in both cases is the same. *Ragsdale v. Rubbermaid, Inc.,* 193 F.3d 1235, 1238 (11th Cir. 1999). Here, the Court concludes that each of these elements is satisfied, and that this doctrine applies to bar assertion of the Debtor's allegations herein.[13] A review of the prior litigation

applicable herein through F.R.B.P. 7009. Even if allowed, the Court does not believe that these new allegations are set forth with sufficient detail to provide a right to relief.

11. Although this Court may be limited in taking judicial notice of the factual findings of another court, it may take judicial notice of the entry of an order addressing same for purposes of recognizing the "judicial act" it represents. Here, this principle means that the Court may take judicial notice of the allegations asserted by the Debtor in other federal courts, such as cited by Ocwen, and their similarity to those made in the present proceeding, and the fact that these allegations were dismissed upon review by those courts. Judicial notice is especially appropriate as the

Debtor was a direct participant in those proceedings. *See generally United States v. Jones,* 29 F.3d 1549, 1553 (11th Cir. 1994); *see also Bryant v. Avado Brands, Inc.,* 187 F.3d 1271, 1279–80 (11th Cir. 1999); and *see* Federal Rule of Evidence 201(b), applicable herein by and through Fed.R.Bankr.P. 9017.

12. A dismissal for failure to state a claim may operate as an adjudication on the merits for purposes of *res judicata. See Lobo v. Celebrity Cruises, Inc.,* 704 F.3d 882, 893 (11th Cir. 2013), citing *Hall v. Tower Land & Inv. Co.,* 512 F.2d 481, 483 (5th Cir. 1975).

13. Though Ocwen is a named party in only one of the three prior suits, privity connotes a

reveals, to the extent such allegations are comprehensible, that any bases for challenging foreclosure proceedings regarding the subject property by the Debtor have been asserted before, or could have been asserted, and have been dismissed by final orders. The district court has determined such allegations are not sufficient to state any claim upon which relief can be granted and, absent grounds to do so, they may not be reasserted and relitigated in these proceedings.[14]

Accordingly, based upon the above discussion, it is

**ORDERED** that the Debtor's Motions be, and the same hereby are, **DENIED** and a judgment by default will not be entered against either Ocwen or Enclave.[15] It is further

**ORDERED** that the Motion to Dismiss of Ocwen be, and the same hereby is, **GRANTED**, and the Complaint, including any and all claims as may be asserted against Ocwen in this Adversary Proceeding, is **DISMISSED** as against Defendant Ocwen.

The Clerk is directed to serve a copy of this Order upon the Plaintiff–Debtor, counsel for Defendant Ocwen, Defendant Enclave, the Chapter 13 Trustee, and the United States Trustee.

**IT IS ORDERED.**

---

relationship that is close enough that a prior judgment should bind or protect a nonparty. In this matter, Ocwen may be considered as succeeding to the interest of Debtor's prior loan servicer in the same property rights in relation to the Debtor and her loan obligation. *See generally Hart v. Yamaha–Parts Distributors, Inc.*, 787 F.2d 1468, 1472 (11th Cir. 1986). In the district court suit where Ocwen is named directly, the Debtor sought cancellation of the security deed and to quiet title. In addition, the Debtor alleged breach of contract and fraudulent recording of deed and sought declaratory and injunctive relief along with money damages. In granting motions to dismiss, the district court found that the Debtor's allegations were "largely incomprehensible." Order of Feb. 20, 2014, *Lafayette v. GMAC Mortgage, LLC, Ocwen Loan Servicing, LLC, and McCurdy & Candler, LLC*, 1:13–CV–3987–TWT.

**14.** Although Ocwen challenges the allegations contained in the Debtor's Reply, it is worth noting that in the Reply the Debtor contends as part of its alleged fraudulent activity, Ocwen overlooked other liens on the property as the Debtor declares she is the "FIRST LIEN HOLDER POSITION." (Docket No. 15). This claim seems to have been made in the Complaint (at p. 29 (Docket No. 1)), and, in turn, appears to be based on an asserted Federal Common Law Lien of the Debtor

filed with the Clerk of the Newton County Superior Court. Copies of this same document are also attached to the Amended Complaint herein as well as the Debtor's complaint in *Lafayette v. Wells Fargo Bank*, Case No. 1:15–CV–01223–TWT–GGB and the Amended Complaint in *Lafayette v. GMAC Mortgage, LLC, Ocwen Loan Servicing, LLC, and McCurdy & Candler, LLC*, 1:13–CV–3987–TWT, both of which actions were dismissed by the district court. This observation is important because it shows that the identical claim the Debtor makes here has been asserted in prior litigation.

Similarly, Ocwen challenges the Debtor's standing to contest any purported assignments of the security deed under Georgia law as the district court has previously ruled against the Debtor on her argument that she has standing to avoid the foreclosure because the original lender was paid. To the extent those assertions are made here, this Court also finds the Debtor lacks standing to challenge a foreclosure by Ocwen on the basis of the assignment of the security deed. *See also Ames v. JP Morgan Chase Bank, N.A.*, 298 Ga. 732, 783 S.E.2d 614 (2016).

**15.** Although Enclave has not responded to the Debtor's Motion, the Court finds that the Debtor's Motion does not assert sufficient grounds for the entry of relief as sought by the Debtor against Enclave.